In the Matter of the Petition of DON M. KELLEY et al., Appellants, for an Order Directing that an Arbitration Proceed.

FREDERICK R. BAUER et al., Respondents.

Contract — arbitration — partnership — agreement to settle disputes by arbitration enforcible — provision, in agreement for dissolution of partnership, for arbitration of disputes — whether certain profits belong to partnership or to one or more members individually within terms of agreement — arbitrator may determine whether or not he has jurisdiction if it was intended to submit that question to him:

1. A provision in a written contract to settle by arbitration a controversy thereafter arising between the parties to the contract is now enforcible. The contract, however, must be to arbitrate the precise matter as to which arbitration is sought. Upon this depends both the jurisdiction of the arbitrator and the power of the court. If, however, such a contract exists and there is a dispute which comes within its provisions it is the duty of the court or judge in all ordinary cases to enforce it and a refusal to do so is error.

2. A dispute as to whether certain profits belonged to two of four former partners individually, as representing new business begun by them after the dissolution, or whether, as claimed by the other two, such profits resulted as the culmination of transactions begun by the original firm and carried on with the understanding that the firm was interested therein, comes within the precise language of a provision in the agreement for dissolution that in the event " of any difference or

dispute of any nature whatsoever in any manner relating to the partnership or liquidation of the partnership as between any of the partners or as between the liquidating partners and any of the partners or as between the liquidating partners themselves " then this dispute shall be submitted to arbitration.

3. A contention that the agreement to arbitrate is confined to matters relating to the partnership or the liquidation of its assets and does not cover a dispute as to whether a certain asset belongs to it or to one or more of its members, cannot be sustained. The dispute relates to the partnership and to the liquidation and is, therefore, to be arbitrated.

4. Whether the arbitrator may determine whether or not he has jurisdiction depends upon the language of the agreement. If it be the intention to submit that question to him he may pass upon it. (*Piercy* v. *Young*, L. R. 14 Ch. Div. 200, distinguished.)

*Matter of Kelley*, 209 App. Div. 870, reversed.

(Argued February 25, 1925; decided March 31, 1925.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 27, 1924, which unanimously affirmed an order of Special Term denying a motion for an order directing that arbitration proceed.

*Stephen P. Anderton* and *Alvin Devereux* for appellants. The averments in the petition and statement of controversy, hereinbefore reviewed, with or without respondents' contradictions, show that the said difference and dispute is within the arbitration provision, article 12 of the dissolution agreement, " of any nature whatsoever in any way relating to the partnership or liquidation of the partnership." (*Piercy* v. *Young*, L. R. [14 Ch. Div.] 200.)

*Samuel Seabury, D. Basil O'Connor* and *George Trosk* for respondents. There are questions of fact in this proceeding which the courts below have unanimously resolved in respondents' favor. Among them is the fact that the new Tacajo business, in which appellants now seek to assert an interest, resulted from negotiations

which did not commence until after the date when the members were free to compete with each other and to undertake business for their own account and were prohibited from entering into contracts for the account of the partnership. That finding of fact, which this court has no jurisdiction to disturb, requires, as a matter of law, the conclusion that the new Tacajo business is not partnership business and that any dispute with respect thereto is not the subject of arbitration by virtue of anything contained in the dissolution agreement. (*Matter of General Silk Importing Co., Inc.*, 200 App. Div. 786; *Wallace* v. *German-American Ins. Co.*, 41 Fed. Rep. 742; *Western Assurance Co.* v. *Decker*, 98 Fed. Rep. 381.) Under the terms of the dissolution agreement, the " new Tacajo business," having been negotiated subsequent to December 31, 1923, would not be partnership business. The appellants rely on alleged acts and admissions of the respondents subsequent to the date of the dissolution agreement to convert the " new Tacajo business " into partnership business. These alleged acts and admissions are denied by respondents. However, even if they were established and even if they were sufficient to make the parties partners with respect to the " new Tacajo business," such partnership would be an independent joint venture subsequent to the dissolution of the original partnership and any dispute with respect thereto would not be subject to arbitration by virtue of the terms of the agreement for the dissolution of the original partnership. (*Piercy* v. *Young*, L. R. [14 Ch. Div.] 200; *Maddaloni Olive Oil Co., Inc.*, v. *Aquino*, 191 App. Div. 51; *Crouch Co.* v. *Farrell*, 184 N. Y. Supp. 564; *Swain* v. *Seamens*, 76 U. S. 254; *Lieberman* v. *Templar Motors Co.*, 202 App. Div. 136; *Imperator Realty Co.* v. *Tull*, 228 N. Y. 447.)

ANDREWS, J. D. M. Kelley, E. M. Drayton, F. R. Bauer and R. L. Pond were partners engaged in the business of investment bankers and brokers. In October,

1925.]          Opinion, per ANDREWS, J.          [240 N. Y. 74]

1923, they decided to dissolve the firm. Accordingly an elaborate · dissolution agreement was executed, which with later amendments provided that the partnership should be terminated on December thirty-first. All partnership assets should be divided in certain proportions among the partners. Kelley and Bauer were named as liquidating partners and immediately after December thirty-first they were to collect claims and demands due or which might become due to the firm and distribute the net proceeds of the liquidation among the partners having regard to certain specific allocations of assets made by the agreement itself. Except as so allocated all other contracts of the partnership are to be liquidated by them " by carrying out and performing the same and maintaining all the rights of partners so far as possible." In the event " of any difference or dispute of any nature whatsoever in any manner relating to the partnership or liquidation of the partnership as between any of the partners or as between the liquidating partners and any of the partners or as between the liquidating partners themselves " then this dispute shall be submitted to arbitration.

A dispute did arise between the former partners. After December thirty-first Bauer and Pond received or became entitled to profits resulting from contracts for the financing and reorganization of certain Cuban sugar corporations and interests. Kelley and Drayton claim that these profits resulted as the culmination of transactions begun by the original firm and carried on with the understanding that the firm was interested therein and that they were in part at least financed by it. This Bauer and Pond deny. They say the whole matter represents new business belonging to them as individuals begun by them after the dissolution agreement was executed which expressly gave them the right to initiate such business. Therefore, this dispute involves as the respondents expressly concede the decision of a question of fact. Resting upon the determination of

this question is the ultimate result to be reached.   Should these profits go to Bauer and Pond as individuals or should they go to the firm?

Their demand for arbitration being refused, Kelley and Drayton sought relief from the court.   This they have hitherto been denied.   The position taken is that the agreement to arbitrate is confined to matters relating to the partnership or to the liquidation of its assets.   It does not cover a dispute as to whether a certain asset belongs to it or to one or more of its members.   If the latter it is something with which the partnership has nothing to do.   Taking this view and resolving the facts in favor of Bauer and Pond the Special Term refused to order arbitration.   In other words, unless the claim of Kelley and Drayton was conceded they might not compel arbitration as a matter of right.   It is that question we are called upon to review.

A provision in a written contract to settle by arbitration a controversy thereafter arising between the parties to the contract is now enforcible.   The contract, however, must be to arbitrate the precise matter as to which arbitration is sought.   Upon this depends both the jurisdiction of the arbitrator and the power of the court.   If, however, such a contract exists and there is a dispute which comes within its provisions it is the duty of the court or judge in all ordinary cases to enforce it and a refusal to do so is error.

Here it being unquestioned that there is a dispute we have only to construe the contract to determine whether it is such a controversy as the parties have agreed to arbitrate.   As to the merits between them neither we nor the courts below are concerned.   That is solely for the arbitrator to determine, if arbitration there should be.

As we have said, arbitration is agreed upon here as to a dispute between partners of any nature whatsoever in any way relating to the partnership or its liquidation.

This provision, broad in its terms, is contained in an agreement where the liquidating partners are not only to collect and distribute all firm assets, including all claims and demands which might become due to it, but are to liquidate all partnership contracts and maintain all partnership rights therein. Clearly it seems to us that the dispute comes within the precise language of the contract. It is between the partners. It relates to the partnership and the obligations of the partners thereto. Certainly it concerns the liquidation of the firm. The continuance of that process and the amount which each partner is to receive depend upon success or failure in adjusting this claim. If it was in fact a firm contract it was the duty of the liquidating partners in the course of liquidation to collect anything which might become due thereon and to maintain all partnership rights therein. Under the circumstances we must hold that this dispute related to the partnership and to its liquidation and is, therefore, to be arbitrated. We are told that the arbitrator may not determine whether or not he has jurisdiction. That may or may not be true. It all depends upon the language of the agreement. The intention may be to submit that question to him. Then he may pass upon it. (*Willesford* v. *Watson*, L. R. [8 Ch. App. Cas.] 473.)

Both the appellants and the respondents have referred to *Piercy* v. *Young* (L. R. [14 Ch. Div.] 200) as supporting their respective positions. That case, however, but interprets the meaning of a particular arbitration clause in reference to an entire contract and holds that so interpreted it did not include the dispute as to which arbitration was sought. It has little application to the different language here used which we are called upon to construe in connection with an entirely different contract.

The orders of the courts below should be reversed, with costs in all courts and a motion for arbitration granted, with ten dollars costs.

McLAUGHLIN, J. (dissenting). I dissent upon the ground that the question sought to be arbitrated does not come within, nor is it covered by, the dissolution agreement. If I am correct in this then the rights of the respective parties should be settled, not by arbitration, but by an action. (*Piercy* v. *Young*, L. R. [14 Ch. Div.] 200.)

Some time prior to March 1, 1923, the parties to this proceeding were engaged in business as bankers and brokers, under the firm name of Kelley, Drayton & Co. Such firm had entered into negotiations with others for the purpose of financing certain sugar properties in the Republic of Cuba, known as the " Tacajo " properties. Considerable money was spent looking to such development, but the efforts turned out to be a failure and were finally abandoned by the partnership about the end of May, 1923. This fact is alleged in the petition and nowhere denied. The partnership continued until the 3d of October, 1923, when a dissolution agreement was entered into. By this agreement and certain supplemental agreements the time of the actual dissolution of the partnership and the final winding up of its affairs was fixed at the close of business on December 31, 1923. The agreement contained, among others, the following clauses:

" The parties hereto mutually agree that until the time of dissolution any of the parties hereto, individually, shall be entitled to entertain and carry on negotiations for new business on their individual account and in their own names respectively, but not for the account of the partnership; and they further agree that in case said time of dissolution shall not become effective within twenty days after the date of this Agreement [October 23, 1923] none of the parties hereto, individually, or jointly as individuals, shall be prohibited or precluded thereafter from entering into contracts for business, but not for the account of the partnership. * * *

" In the event of any difference or dispute of any nature

whatsoever in any way relating to the partnership or liquidation of the partnership as between any of the partners or as between the Liquidating Partners and any of the partners or as between the Liquidating Partners themselves, the parties thereto shall mutually endeavor to adjust the same with the aid of their respective counsel and in the event of their failure so to do after consulting such counsel, then the same shall be referred to " an arbitrator named " whose determination in writing thereon shall be final and conclusive upon the parties to the same and upon the parties to this Agreement.    *    *    *

" The right of each of the parties to this Agreement to compete for future business from and after the time of dissolution against the other parties hereto respectively shall not be impaired by the provisions of this Agreement    *    *    *."

Subsequent to October 23, 1923, the respondents formed a new firm for the purpose of joining with others in financing and developing certain other properties belonging to the Tacajo owners, and sometime subsequent to January 1, 1924, such firm and its associates — sufficient funds having been provided — commenced, under an agreement with the owners, to develop such property. The development proved a success. Quite large profits were realized and the appellants claim that the profits going to the respondents, growing out of such development, belong to the old firm of Kelley, Drayton & Co. This the respondents deny and urge that under the terms of the dissolution agreement before quoted, such profits belong to them individually.

The appellants insist they are entitled to have this dispute determined by an arbitrator, under the terms of the dissolution agreement. The Special Term reached the conclusion that the dispute was not covered by the dissolution agreement, and such conclusion was unanimously affirmed by the Appellate Division.

[240 N. Y. 74] Dissenting opinion, per McLaughlin, J. [Mar.,

The profits made by the respondents in developing the Tacajo property under the agreement entered into after December 31, 1923, it would seem, under the dissolution agreement, belong to them individually and not to the old firm of Kelley, Drayton & Co. Those profits were not made by any effort of such firm. The dissolution agreement expressly provided that " none of the parties hereto individually or jointly as individuals shall be prohibited or precluded * * * from entering into contracts for business, but not for the account of the partnership." The profits here sought to be reached were made under a new agreement entered into after December 31, 1923. The firm of Kelley, Drayton & Co. was not a party to this agreement and it is difficult to see how it can be said such profits belong to it. If so, it must be upon the theory that the respondents were in some way acting as agent or trustees for the old firm and had authority to bind it. This the dissolution agreement would seem to negative. It certainly cannot be said, as matter of law, that the profits claimed by the respondents belong to the old firm of Kelley, Drayton & Co. Therefore, one of the first questions the arbitrator would have to decide would be his own jurisdiction. There is nothing in the dissolution agreement which indicates an intent to submit such a question to him. (*Willesford* v. *Watson*, L. R. [8 Ch. App. Cas.] 473.)

I am of the opinion the order appealed from is right and should be affirmed.

Hiscock, Ch. J., Cardozo, Pound and Lehman, JJ., concur with Andrews, J; McLaughlin, J., reads dissenting opinion in which Crane, J., concurs.

Orders reversed, etc.