In the Matter of DECATUR CONTRACTING Co., INC., and EDWARD S. MURPHY BUILDING Co., INC.

Supreme Court, Special Term, Bronx County, January 24, 1938.

CROSS-MOTION by respondent for order vacating default and order entered thereon directing arbitration of disputes between petitioner and respondent.

*Caruso, Bongiorno & Marsicano* [*Henry B. Raff* of counsel], for the Decatur Contracting Co., Inc.

*M. Carl Levine*, for the Edward S. Murphy Building Co., Inc.

McLAUGHLIN (CHARLES B.), J. On June 9, 1937, petitioner, the Decatur Contracting Co., Inc., made application to this court for an order directing the arbitration of disputes which had arisen between said petitioner and the Edward S. Murphy Building Co., Inc. The application was granted on default. On June 24, 1937, an order was entered directing the parties to proceed to arbitration. The petitioner now appears before the court requesting an order

permitting the Decatur Contracting Co., Inc., to proceed with an inquest before one arbitrator appointed by said petitioner. The respondent, the Edward S. Murphy Building Co., Inc., moves in opposition by way of cross-motion for an order vacating the default of June 9, 1937, and the order of June 24, 1937, entered thereon. The respondent requests a further order denying the application for arbitration or, in the alternative, for an order directing the Decatur Contracting Co., Inc., to bring an action for the foreclosure of its mechanic's lien heretofore filed against Sisters of the Poor of St. Francis, as owner, and Edward S. Murphy Building Co., Inc., as contractor, and for a further order staying any and all arbitration proceedings until such foreclosure proceedings are completed.

Section 108 of the Civil Practice Act provides that " The court, in its discretion, and upon such terms as justice requires, at any time within one year after notice thereof, may relieve a party from a judgment, order or other proceeding, taken against him through his mistake, inadvertence, surprise or excusable neglect." In addition to the cases coming within the purview of this statute the court may, in its discretion, open a default for any reason considered by it to be just and sufficient. (*Ladd* v. *Stevenson*, 112 N. Y. 325.) The court always has control over its own proceedings. (*Matter of City of Buffalo*, 78 N. Y. 362, 370; *Vanderbilt* v. *Schreyer*, 81 id. 646, 648.) The question is then presented: Has the respondent made out a case calling for the court, in the exercise of its discretion, to vacate the default of the respondent on the return date of the motion originally made to compel arbitration and the order entered as a result of that default?

The original application of the petitioner, together with the present one, is based upon the provisions of an agreement entered into on the 25th day of August, 1936, between the Decatur Contracting Co., Inc., as subcontractor, and the Edward S. Murphy Building Co., Inc., as contractor. This agreement is entitled " The Standard Form of Subcontract." Underneath this heading appears the following: " For use in connection with the fourth edition of the standard form of agreement and general conditions of the contract." This agreement contains various printed clauses interspersed with other clauses which are typed in. None of the typewritten clauses either directly, or upon the theory of inclusion by reference, confer any right to arbitration. Among the printed clauses of the agreement, however, is found the following:

" The contractor agrees (m) To give the Subcontractor an opportunity to be present and to submit evidence in any arbitration involving his rights.

" (n) To name as arbitrator under arbitration proceedings as provided in the General Conditions the person nominated by the Subcontractor, if the sole cause of dispute is the work, materials, rights or responsibilities of the Subcontractor; or, if of the Subcontractor and any other Subcontractor jointly, to name as such arbitrator the person upon whom they agree.

" The Contractor and the Subcontractor agree that:

" (o) In the matter of arbitration, their rights and obligations and all procedure shall be analogous to those set forth in this contract."

Patently, the above-entitled clause (m) gives the subcontractor a right to arbitration only if there exists an agreement for arbitration between the contractor and the owner. If such an agreement exists, then in any controversy arising between the contractor and the owner affecting, directly or indirectly, the subcontractor's rights, the subcontractor is given the right to appear and submit evidence in any arbitration proceeding had between the contractor and the owner. In the agreement of subcontract there are no independent provisions for arbitration between the contractor and the subcontractor. And, similarly, the contract between the owner and the contractor contains no provisions authorizing arbitration between the said owner and the contractor, so that no agreement for arbitration exists, either independently in the agreement of subcontract or upon the theory of incorporation therein by reference to another contract, namely, that between the owner and contractor. Clause (n) can only refer to a contract of the type set forth under the title of the subcontract. The reference there is " For use in connection with the fourth edition of the standard form of agreement and general conditions of the contract." A contract of this type was *not* entered into by the owner and the contractor, and the contract which was entered into does not provide for arbitration of any kind or between any of the parties, either owner, contractor or subcontractor. There being no provision for arbitration in either of the contracts here entered into, it follows that clause (o) of the agreement of subcontract must also fail in proving the existence of any agreement for arbitration. The existence of an agreement to arbitrate is a jurisdictional fact. As was said by ANDREWS, J., in *Matter of Kelley* (240 N. Y. 74, at p. 78): " A provision in a written contract to settle by arbitration a controversy thereafter arising between the parties to the contract is now enforcible. The contract, however, must be to arbitrate the precise matter as to which arbitration is sought. *Upon this depends both the jurisdiction of the arbitrator and the power of the court.*" (Italics ours.)

In other words, there was nothing before the court on June 9, 1937, to confer jurisdiction upon it to make the order directing an arbitration, because there was never any agreement made providing for arbitration.

The motion to proceed with an inquest before one arbitrator is denied. The cross-motion for an order vacating the default on the motion of June 9, 1937, to compel an arbitration and to vacate the order of June 24, 1937, entered upon said default, is granted, without prejudice, however, to the prosecution of any appropriate proceedings by the petitioner herein. Settle order.