In the Matter of the Arbitration Between HUB INDUSTRIES, INC., Respondent, and GEORGE MANUFACTURING CORP. and AMERICAN REDISCOUNT CORPORATION, Appellants.

Second Department, April 23, 1945.

*Sidney S. Allen* for George Manufacturing Corp., appellant.

*Louis S. Posner* for American Rediscount Corporation, appellant.

*Joseph Feinstein* and *Otto A. Rebhun* for respondent.

*Per Curiam.* Respondent was engaged in the manufacture of war materials under a government contract and subcontracted portions of the work to appellant George Manufacturing Corp. During the course of the work, disputes arose between the parties as to the amount due for work performed. In an effort

to adjust their differences, the parties entered into an agreement which provided, in substance, that their respective accountants were to audit and attempt to reconcile the accounts of the parties; if, upon the conclusion of such audit, the respective accountants were unable to reconcile the accounts, then a third firm of accountants was appointed as agent for both appellant George Manufacturing Corp. and respondent to examine and audit the accounts and accounting records and to determine the amount which was due from either of such parties to the other; and the parties agreed that they would be bound by the conclusions reached by such third firm of accountants. Each was to pay one half of the expenses of such firm. The accountants of the parties were unable to reconcile the accounts. A conference was held at the office of the accounting firm selected as arbitrators. That firm wanted a substantial retainer from each of the parties and payments at the rate of $49 per day per man engaged on the work. Appellant George Manufacturing Corp. refused to pay. Thereupon a motion was made to compel appellants to arbitrate. The motion was granted. From the order granting such motion, this appeal is taken.

An examination of the contract in question establishes that the parties intended to settle by arbitration the question only of what a reconciliation of the accounts and accounting records of the parties showed and, based on such examination and audit of the accounts, obtain a determination by the arbitrator of the amount due. No agreement was made between the parties that this arbitrator should have power to decide the disputed questions of fact or to pass upon the disputes based upon the different interpretations placed on the contract by the respective parties thereto. The order appealed from gave to the arbitrator unlimited power to arbitrate and determine all the controversies, differences and disputes between the parties and to render an award fixing the amount, if any, due and owing between the parties. As we read the agreement, there was no intention to clothe the arbitrator with power to settle every difference having its genesis in the contracts. (*Matter of Marchant* v. *Mead-Morrison M. Co.,* 252 N. Y. 284, 300.) The arbitration is to be confined to controversies arising out of the accounts and accounting records of the parties. The language is not to be broadened so that the arbitrator would be authorized to determine the questions of the existence of certain contracts or the interpretation of others.

While each party agreed to pay one half of the fees of the arbitrator, unless the parties agree otherwise, such fees are to

be governed by the provisions of section 1457 of the Civil Practice Act. Such fees may not be demanded in advance.

The order should be modified on the law in accordance with this opinion and as so modified should be affirmed, with one bill of $10 costs and disbursements to appellants jointly.

CLOSE, P. J., HAGARTY, JOHNSTON, LEWIS and ALDRICH, JJ., concur.

Order modified on the law in accordance with opinion *Per Curiam* and as so modified affirmed, with one bill of $10 costs and disbursements to appellants jointly. Settle order on two days' notice.