■ In the Matter of the Arbitration between MILLER ART CO,. INC., et al., Appellants, and BENJAMIN FIRESTONE et al., Respondents.— Order denying motion to stay arbitration reversed, the motion granted and the arbitration stayed, with costs to appellants. While the stockholders' agreement in question contained a broad arbitration clause relating to any dispute which might arise out of the agreement, the issue is whether the subject of the disputes is covered in any manner in the agreement. The disputes tendered for arbitration are the discharge of two stockholder-employees, and their removal as directors and officers. The stockholders' agreement, however, was not a general one, covering all their relationship. Instead, it was an agreement, with but minor exceptions, covering the devolution of the stock held by several stockholders in this close corporation. The exceptions related to the continuance of stockholder-employee compensation following death or during disability. These exceptions are not sufficient to embrace the subject matter of the disputes involved here. It has been repeatedly held that no one is under duty to resort to arbitration unless by clear language he has so agreed (*Matter of Lehman* v. *Ostrovsky,* 264 N. Y. 130; *Matter of Kelley,* 240 N. Y. 74, 78). Such a question, when raised of course, is one for the court to determine, and not the arbitrators. (*Matter of International Assn. of Machinists* [*Cutler-Hammer*], 271 App. Div. 917, affd. 297 N. Y. 519.) Settle order. Concur — Breitel, J. P., Botein, Valente, Bergan and Bastow, JJ.

■ ANTHONY LOPEZ, Respondent, v. GULIA VESCE et al., Appellants, et al., Defendants.— This personal injury action in Bronx County, arising from an accident in February, 1952, was commenced by the service of a summons in November, 1953. A notice of appearance was served in February, 1954 and, no complaint being served, defendants' motion to dismiss the action, made a year later, was granted by default at Special Term on March 30, 1955. Notwithstanding that order of dismissal, plaintiff served a note of issue for the April, 1955 Term, but because of the order of dismissal, it was marked off the calendar and a judgment of dismissal was entered on April 27, 1955. Nevertheless, eight months later, a substituted attorney for plaintiff served a complaint on December 10 which was returned. In May, 1956 plaintiff's motion to restore the case to the calendar was denied and in July of the same year a further motion by plaintiff to vacate the order and judgment of dismissal was denied, without prejudice. The order appealed from was entered April 30, 1957. It vacated the order of dismissal made two years before, and transferred the cause to the City Court. The protracted and long-continued failure to follow the rules governing the course of litigation requires that the order of dismissal stand. (*Goldfarb* v. *Mallin,* 3 A D 2d 735.) Order reversed and motion denied, with $20 costs. Concur — Breitel, J. P., Botein, Valente, Bergan and Bastow, JJ.