Arthur G. Klein, J.
This is an application by General Security Assurance Corporation of New York, a New York insurance corporation (hereinafter called “ reinsurer ”) for an order of this court restraining and dismissing the arbitration proceeding attempted to be had in this State by Central Security Mutual Insurance Company, an Illinois corporation not licensed to transact business in New York (hereinafter called “ reinsured ”).
The reinsurance agreement provides in article XIII — ‘ ‘ Should an irreconcilable difference of opinion arise as to the interpretation of this agreement, it is hereby mutually agreed that, such difference shall be submitted to arbitration ’
*74 The respondent reinsured claims that the irreconcilable difference of opinion which should be arbitrated is as to the interpretation of article VII of the agreement which reads as follows: “ The company covenants and agrees to investigate and conduct diligently the defense in all claims arising under its policies to which this agreement applies and to give notice to the reinsurer immediately after knotvledge of any event or development which may result in a claim upon the reinsurer hereunder. The company shall inform the reinsurer from time to time of developments affecting or changing the possibility of loss or the valuation or probable cost of such claims and of any judgment or other final determination of loss ”.
Article XIII limited the matters which could be the subject of arbitration and by its terms did not encompass performance under the agreement. It did not provide that any controversies growing out of the contract should be settled by arbitration. The submission was confined to differences of opinion as to interpretation. The question is one of intention, to be ascertained by the same tests that are applied to contracts generally. (See Matter of Marchant v. Mead-Morrison Mfg. Co., 252 N. Y. 284.) Both parties to this controversy are experienced members of the insurance industry. If the parties to the agreement had intended that it be all inclusive as to what should be the subject of arbitration they could very easily have so stated. This they did not do.
The question of the type of notice to an insurer or a reinsurer, and the timeliness thereof, is one well settled and understood in this industry, as well as in the legal profession. There can be no ambiguity or question of interpretation of the notice clause in article VII.
The controversy here related deals only with the subject of performance or nonperformance of the agreement and not the interpretation of the language of the agreement.
This court cannot confer jurisdiction or authority to arbitrators which they do not have under the terms of the agreement. (Matter of Kelley, 240 N. Y. 74.)
Upon all the facts herein presented it is clear that there is nothing to be presented to the arbitrators. Therefore, this motion is granted.
Settle order.