Samuel H. Hofstadter, J.
The petitioner, the employer, moves to stay arbitration under a collective bargaining agreement of a dispute over the discharge of an employee. The union by cross motion applies for an order directing the petitioner to proceed to arbitration before an arbitrator appointed by the court.
The collective bargaining agreement was entered into on January 6, 1958 for a term commencing on June 6, 1958 and ending on March 1, 1959. Its arbitration clause reads as follows: u 24. In the event that any dispute should arise between the Employer and the Union, the parties concerned shall make an effort to settle the dispute. In the event that they are unable to settle the dispute, it shall be submitted to Irving Shapiro, Esq., who is hereby designated as the Impartial Chairman under this agreement for the period from March 1, 1957 to February 28, 1958, at which time his term may be renewed for the balance of the agreement or a successor may be designated. The decision of the Arbitrator shall be final and binding upon both parties.”
This agreement is similar to that entered into between the union and the employers’ association in the trade representing approximately 150 employers. The petitioner is not a member of the association. Mr. Shapiro, named in the agreement as impartial chairman, had by February 28, 1958, returned to his employment as a staff arbitrator for the New York State Board of Mediation and could therefore no longer serve as impartial chairman under the collective bargaining agreement. Accordingly the employers’ association and the union named the mediation board as Mr. Shapiro’s successor and the union and the association have since submitted their disputes to the mediation board, which in turn has designated Mr. Shapiro as the arbitrator. No like replacement was, however, made in the individual agreements with nonmember employers such as the petitioner. Nevertheless, as occasion arose disputes with independent employers have been similarly submitted to the mediation board for arbitration and have been determined by Mr. Shapiro, as arbitrator, pursuant to his designation by the board. When the union sought to follow the same course for the resolution of the dispute between it and the petitioner, the lat *372 ter refused to proceed before the board. The present applications have been brought on to clear the resultant impasse.
The petitioner makes two contentions: (1) the particular dispute is not arbitrable, and (2) even if it is, the failure to designate a successor to Mr. Shapiro frustrates the arbitration provision. Were the petitioner’s first contention upheld there would be no need to consider the second. The court, however, reaches the conclusion that neither position is well taken.
The issue between the parties is whether the petitioner’s summary discharge of a man who had been in its employ about four years was for cause. The question whether this is an arbitrable issue depends on two clauses of the collective bargaining agreement. The first declares: “3. (b) New employees engaged by the Employer shall be deemed for the first thirty (30) days of their employment to be engaged for a trial period. Such new employees may be laid off or dismissed during such trial period with or without cause. After the trial period of thirty (30) days they shall be deemed regular employees.”
The second clause 29 (4), reads: “ The Employer shall notify all employees at least one week in advance before dismissal, except for cause, and employees give one week’s notice before they resign. No Employee shall be dismissed in any event unless notice is given to the Union.”
Apparently the petitioner urges that the failure to enumerate a dispute regarding the asserted justification for the discharge of a regular employee as arbitrable excludes it from the operation of the arbitration clause. This clause may not, however, be given such narrow reading without defeating the prime purpose of the agreement — to foster harmonious relations between the petitioner and its employees. The union argues very persuasively that clause 3, in granting the employer the right to discharge an employee during the trial period of 30 days with or without cause, by necessary implication forbids discharge thereafter except for cause. If the union is correct in this assertion, the dispute whether the particular employee, admittedly a regular employee, was discharged for cause is clearly arbitrable. Even if this asserted interpretation were ultimately rejected, it still has enough merit to require the arbitrator to pass upon it. Such a debatable question of construction is committed to the judgment of the arbitrator. (Matter of Kelley, 240 N. Y. 74, 78-79; Matter of Levy [Hirsch], 271 App. Div. 431, affd. 296 N. Y. 837.) Questions of interpretation and even of law, when not excluded by the underlying agreement, are for the arbitrator. (Matter of Carey v. Westinghouse Elec. Corp., *373 6 A D 2d 582; Matter of Spectrum Fabrics Corp. [Main Street Fashions], 285 App. Div. 710, 714, affd. 309 N. Y. 709.)
It is clear that the parties intended the arbitration clause to be operative throughout the term of the collective bargaining agreement whether Mr. Shapiro remained as impartial chairman or not. The provision for the designation of a successor to Mr. Shapiro, should his term not be renewed, emphasizes this purpose. The arbitration clause was in no sense so bound up with Mr. Shapiro that it may not survive the end of his term as impartial chairman. It should not be overlooked that the collective agreement itself was not to take effect until June 6, 1958, when Mr. Shapiro’s term, unless renewed, would by the very language of the agreement already have come to an end. Unless, therefore, the arbitration clause is held operative, whether Mr. Shapiro continued as impartial chairman or not, it was a sheer futility. It follows that the failure to designate a successor to Mr. Shapiro does not render the clause abortive. The situation is one contemplated by section 1452 of the Civil Practice Act ‘ ‘ for any reason * * * a lapse in the naming of an arbitrator ”. Pursuant to this action the court will, therefore, appoint the New York State Board of Mediation as arbitrator and presumably the board will designate Mr. Shapiro to conduct the arbitration as it has in other cases in this trade. (Matter of Feuer Transp. [Local No. 445], 295 N. Y. 87; Matter of Delma Eng. Corp. [K & L Constr. Co.], 6 A D 2d 710, affd. 5 N Y 2d 852.)
The dispute to be determined by the arbitrator is correctly formulated in the notice of cross motion.
Settle order.