Aron Steuer, J.
Petitioner, hereinafter called Plastic, is a manufacturer of dolls. Respondent, hereinafter called A & H, both makes and sells dolls. On October 30, 1950 these parties entered into a contract. The contract contained many provisions, among them one whereby petitioner could sell dolls of the same type as that it was making for respondent and that respondent would be paid a commission on those sales. The contract expired by its terms on April 30, 1953. Thereafter the parties had several transactions. On three subsequent transactions Plastic in 1956 brought an action against respondent for goods sold and delivered. A & H pleaded several counterclaims based on the 1950 contract. Plastic moved to sever the counterclaims until arbitration was had in accordance with the terms of the contract. The motion was granted but in lieu of an order the parties entered into a stipulation. The stipulation had the following provisions: The action was discontinued. A & H paid Plastic the sum sued for less a small item that was withdrawn. The counterclaims were discontinued with prejudice but A & H reserved its rights to institute arbitration proceedings pursuant to the contract. Each party was given the right to a discovery and inspection of the other’s books in regard to any claim asserted or to be asserted in the arbitration. The stipulation was dated July 13, 1956. On December 30, 1959 A & H served a demand to arbitrate. The subjects to be arbitrated are therein stated to be (1) commissions arising under the contract, and (2) damages for the use and retention of certain molds from May 1, 1953 to April 19, 1956. Plastic has moved to stay the arbitration pursuant to section 1458-a of the Civil Practice Act.
This section provides that arbitration shall be stayed if at the time of giving notice of intention to arbitrate or making a demand to arbitrate the claim would be barred by an existing Statute of Limitations if such claim were asserted in court.
A & H advances several contentions to show that this statute is not effective to bar the operation. These may be listed as follows:
1. The statute having been enacted subsequent to the contract it cannot affect an arbitration pursuant to the contract.
2. The claims to be arbitrated are not barred by the applicablp Statutes of Limitations.
*841 3. The stipulation constituted a new contract to arbitrate, and the period of limitations should be calculated from its date.
Talcing these in order. It is true that a Statute of Limitations enacted after the accrual of a vested right cannot operate to divest that right. But that is not the situation here. Here the statute merely codified and clarified the existing common law. It was the law that arbitrators could not consider issues barred by limitations (Hammerstein v. Shubert, 127 N. Y. S. 2d 249). The statute therefore is controlling.
The second contention involves several points. It would appear that the statutes applicable to A & IPs claims are those governing contract and conversion. A & H contends that the proper statute is that applying to equitable actions. Similar contentions have been so frequent of late that discussion becomes mere repetition. It is enough to say that where rights are legal in origin even if the form of the action is equitable for purposes of convenience the legal statutes are the ones to be enforced.
A & H’s contention under this heading goes further than this. It points out the statute makes a claim stale if notice of intention to arbitrate is not given prior to the expiration of the period of limitations. And it is the claim that such intention was obvious from the prior proceedings and recognized in the stipulation. Article 84 of the Civil Practice Act, which deals with the subject of arbitration does not, except in the section under consideration, refer to a notice of intention to arbitrate. Nor does it refer to a demand for arbitration. Section 1450 provides for the method of initiating arbitration proceedings by petition. There is no provision for the service of any notice or demand prior to such an application. Undoubtedly however such a usage exists as most arbitrations proceed without contest as to the right and a formal notice of intent to proceed if properly given gives rise to a default when unanswered. It is clear that this is what is referred to in section 1458-a. Knowledge that the other party may at some future time intend to invoke arbitration or is even preparing for it does not toll the statute. A notice initiating the arbitration is required.
To determine whether the stipulation constitutes a contract to arbitrate its terms must be examined. The language used is that A & H reserves its rights to arbitrate. In other words, the existing right is not yielded, perhaps it might be said that it is recognized. But that is not the equivalent of a new and later agreement. At most, what is conceded is that the original contract is valid. But neither its terms nor its period of *842 enforcibility is extended. And no such contention can be gathered from the stipulation.
It is therefore concluded that the Statute of Limitations has run against the matters to be arbitrated and the proposed arbitration is stayed. Motion granted.