MADISON HILL CORPORATION, Appellant, *v.* CONTINENTAL BAKING COMPANY, Respondent.

First Department, July 9, 1964.

*Michael P. Arra* of counsel (*Richard Barth* with him on the brief; *Burke & Burke,* attorneys), for appellant.

*Donald J. Zoeller* of counsel (*Nixon, Mudge, Rose, Guthrie & Alexander,* attorneys), for respondent.

RABIN, J.   On September 1, 1950 the petitioner as landlord, and the respondent as tenant, entered into a lease of a bakery building that was to be constructed by the landlord in Sacramento, California.   In April, 1952 the tenant took occupancy of the bakery.   In November, 1952, the tenant advised the landlord that there were certain deficiencies in the construction, among which were defects in the roof installation.   After negotiation the landlord agreed to correct these defects and in fact undertook to do so.   In September, 1953 the tenant advised the landlord that the defects had been satisfactorily corrected and that the premises had been accepted.

Thereafter, a dispute arose as evidenced by a letter dated October 14, 1957 sent by the tenant to the landlord complaining that the roof was defective and had not been installed according to specifications.   On May 18, 1962 the tenant served a demand for arbitration, seeking to recover the sum of $39,520.93 allegedly expended by it for the repair of the roof.   The demand described the nature of the dispute as follows: " Extensive damage was occasioned to the roof on the premises demised under said lease dated September 1, 1950, at which time insurance covering said damage was not readily obtainable by the Lessee.   The tenant claims under the lease dated September 1, 1950 that landlord is responsible for said roof repairs and the landlord   *   *   * has denied the obligation."

Prior to the holding of any hearings the landlord instituted this proceeding to stay the arbitration.   The basis for the application was that the claim was barred by the Statute of Limitations since it was directed to faulty construction completed more than six years prior to the service of the demand for arbitration. Thereafter, as an additional ground for a stay the landlord

asserted that the parties had not agreed to arbitrate such a dispute.

Special Term denied the stay, holding that the Statute of Limitations was no bar to at least a portion of the landlord's claim and held further that the dispute as to who was obligated to pay for the roof repairs had been made subject to arbitration by the lease. We do not agree.

Agreements to arbitrate may be broad and all-inclusive, or may be limited to specific items of dispute (see *Matter of Hub Ind. [George Mfg. Corp.]*, 269 App. Div. 177, affd. 294 N. Y. 897). The lease involved in this proceeding, and under which an adjudication of the rights of the parties is sought, contains no broad general agreement to arbitrate any and all disputes between the parties. The arbitration clauses are limited ones — the parties agreeing to arbitrate only in certain specific circumstances. That is made evident by paragraph 24 (a) which provides as follows: " *Wherever* in this lease provision is made for settlement by arbitration of a dispute or question between Landlord and Tenant, the same shall be settled by arbitration in accordance with the rules * * * of the American Arbitration Association " (emphasis supplied).

Whether the parties agreed to arbitrate this particular dispute depends upon how the lease is construed. There being no broad general arbitration clause which would permit arbitrators to construe the lease (see *Matter of Uraga Dock Co. [Mediterranean & Oriental S. S. Corp.]*, 6 A D 2d 443, affd. 6 N Y 2d 773), it is for the court to determine that question (*Matter of Kelley*, 240 N. Y. 74, 79; *Matter of Miller Art. Co. [Firestone]*, 4 A D 2d 1032).

As indicated, the dispute — as set forth in the demand for arbitration — concerns the petitioner tenant's claim that the respondent landlord is obliged to reimburse it in the sum of $39,520.93, the sum alleged to have been expended by it for the repair of the roof of the demised premises. It is the tenant's contention that the obligation to pay for such repairs rests with the landlord, while the latter takes the position that the tenant is so obligated.

The lease contains three paragraphs that treat with the subject of repairs and the responsibility to make the same. Paragraph 6 — containing no arbitration provisions — requires the tenant to " maintain the * * * premises * * * in good and substantial repair ". Paragraph 8 — which does contain limited provisions for arbitration — provides that where the premises " shall be destroyed or damaged in whole or in part

by fire, or as a result directly or indirectly of war, or by act of God, or by reason of any other cause whatsoever " the landlord is obliged, at its expense, to repair, replace and rebuild. Paragraph 11 treats with the landlord's obligation to make certain repairs upon partial condemnation of the premises and is clearly not here applicable.

As aforesaid, paragraph 6 contains no provision for arbitration, while paragraph 8 does provide for arbitration of two types of disputes which may arise thereunder. Thus, if the roof repair made by the petitioner tenant is a paragraph 6 repair, arbitration may not be had. If, on the other hand, it is a repair the type of which it is the landlord's obligation to make under paragraph 8, then, and only then, would the limited arbitration provisions of that paragraph apply.

Only after a finding that it was the landlord's duty under paragraph 8 to make the repairs could there be arbitration of the question as to whether the landlord or the tenant must pay for them (depending upon whether insurance was reasonably obtainable) or arbitration under subparagraph (c) " as to compliance by Landlord with its obligations under this subparagraph or as to the amount of any such claim ". A finding that it is the landlord's obligation to make the repairs under paragraph 8 is a condition precedent to the allowance of arbitration as to who is to pay for them, or whether the landlord properly complied with that obligation. And, as already pointed out, inasmuch as the parties did not agree to let arbitrators construe the provisions of the lease, it is for the court to determine whether the arbitration provisions of paragraph 8 come into play.

Do these repairs come within the contemplation of paragraph 8 which imposed a duty upon landlord to make them? This paragraph concerns itself with repairs occasioned " by fire, or as a result directly or indirectly of war, or by act of God, or by reason of any other cause whatsoever ". The landlord contends that this language refers only to repairs resulting from some casualty, and not from improper construction, wear or tear or ordinary usage. On the other hand the tenant argues that the words " any other cause whatsoever " is broad enough to include any and all repairs, regardless of causation.

We conclude that paragraph 8 refers only to casualty repairs. Such conclusion is required because the principle of *ejusdem generis* must be here applied (*Traylor* v. *Crucible Steel Co.,* 192 App. Div. 445, 449, affd. 232 N. Y. 583). Furthermore, to adopt the tenant's construction would in effect render paragraph 6 a nullity. Under such construction the tenant under this net lease

would then be absolved from any obligation to make any repairs — however caused. We may not fail to give paragraph 6 its full meaning.

We find no merit to the contention of the tenant that paragraph 6 incorporates paragraph 8 together with the latter's provisions for arbitration. It is obvious that the reference to paragraphs 8 and 11, contained in paragraph 6, was inserted for the purpose of making it clear that there was excepted from the tenant's obligation to make all repairs, those resulting from casualty (par. 8) or those arising from partial condemnation (par. 11).

It is thus clear that whether this dispute is arbitrable under this lease, or whether arbitration should be stayed, depends in the first instance on whether it is found that the repairs became necessary because of some casualty or by reason of normal wear and tear. However, the record is factually insufficient to enable us to make a finding in that regard, leaving us no choice but to remand the matter for a hearing.

In view of the fact that the determination with respect to the question of arbitrability is still open it would appear to be premature to dispose of the issue raised in connection with the Statute of Limitations. It is settled that the court may determine whether arbitration of all or part of the tenant's claim may be stayed because it is time-barred (CPLR 7502, subd. [b]); *Matter of Plastic Molded Arts Corp. [A & H Doll Mfg. Corp.]*, 23 Misc 2d 839, affd. 11 A D 2d 668). However, as it has not yet been determined that arbitration lies it would appear to be inappropriate to now decide — even if the papers were sufficient to enable us to do so — how much, if any, of tenant's claim would be beyond the power of the arbitrators to consider. In the event, however, it should appear that there is an arbitrable question under paragraph 8, it might be well to broaden the hearing for the purpose of making findings as to which portions of the claim, if any, are outlawed by the Statute of Limitations.

Accordingly, the order dated January 20, 1964, denying petitioner's motion for a stay of arbitration should be reversed, on the law, the facts and in the exercise of discretion, with costs to the petitioner-appellant and a hearing directed to be held in accordance with this opinion. Pending such hearing, and the disposition of the motion thereafter, the arbitration should be temporarily stayed.

Breitel, J. P., Valente, Stevens and Staley, JJ., concur.

Order, entered on January 21, 1964, denying petitioner's motion for a stay of arbitration, unanimously reversed, on the

law, on the facts and in the exercise of discretion, with $20 costs and disbursements to appellant, and a hearing directed to be held in accordance with the opinion herein of RABIN, J. Pending such hearing, and the disposition of the motion thereafter, the arbitration is temporarily stayed.