■ In the Matter of the Arbitration between HALF HOLLOW HILLS CENTRAL SCHOOL DISTRICT, Respondent, and DIVISION 1181, AMALGAMATED TRANSIT UNION, AFL-CIO, et al., Appellants.—In a proceeding to vacate an arbitration award, the appeal is from an order of the Supreme Court, Suffolk County, entered February 9, 1977, which granted the application and denied a cross motion to confirm the award. Order reversed, on the law, with one bill of $50 costs and disbursements jointly to appellants, application to vacate the award denied and cross motion to confirm the award granted. The respondent school district participated in the arbitration concerning petitioner's discharge. In so doing, it agreed to permit the arbitrator to determine the propriety of the discharge and hence cannot now argue that the collective bargaining agreement did not make discharges a subject of arbitration (see *Matter of National Cash Register Co. [Wilson],* 8 NY2d 377, 382; *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 583). This award was rational in all respects and the arbitrator in no way "exceeded his power" (see CPLR 7511, subd [b], par 1, cl [iii]). In any event, article VI of the collective bargaining agreement provides, in pertinent part: "The District and the Union, through their duly accredited and appropriate representatives, agree to meet with regard to all grievances arising out of the provisions of this Agreement. Should any grievance arise which cannot be mutually adjusted, it shall be submitted for decision at the request of either party to an arbitrator". Article III of the agreement *denies* "recourse to the grievance procedures" to employees in their first 30 days of employment. This implicitly grants "recourse to the grievance procedures" to long-time employees such as appellant Kelly under the theory that the exclusion of one means the inclusion of others. In language which could have been written with the instant case in mind, but which escaped unnoticed in the briefs, the court, in *Matter of Faehndrich, Inc. (Local*

*Union No. 277)* (15 Misc 2d 370, 372), said: "Apparently the petitioner urges that the failure to enumerate a dispute regarding the asserted justification for the discharge of a regular employee as arbitrable excludes it from the operation of the arbitration clause. This clause may not, however, be given such narrow reading without defeating the prime purpose of the agreement —to foster harmonious relations between the petitioner and its employees. The union argues very persuasively that clause 3, in granting the employer the right to discharge an employee during the trial period of 30 days with or without cause, by necessary implication *forbids discharge thereafter except for cause."* (Emphasis supplied.) Cohalan, J. P., Margett, Damiani and Shapiro, JJ., concur.