In the Matter of the Application of MAX ALBERT, as President of Sheepskin Leather Coats and Overall Workers Union, Local No. 178, Amalgamated Clothing Workers of America, an Unincorporated Association Consisting of Seven or More Members, to Confirm the Award Made under the Arbitration Clause in a Written Agreement between the SHEEPSKIN LEATHER COATS AND OVERALL WORKERS UNION, LOCAL 178, AMALGAMATED CLOTHING WORKERS OF AMERICA, and ALEX COHEN, Doing Business as AMERICAN SPORTSWEAR MANUFACTURING COMPANY.

Supreme Court, Special Term, New York County, May 18, 1936.

*David M. Schlossberg*, for the petitioner.

*Nathan Friedman*, for the respondent.

McLAUGHLIN (CHARLES B.), J.   After a bitter contest as to duty to arbitrate, the parties finally went to arbitration and an award was made.   The award orders the respondent to pay a certain sum of money, forty-eight dollars.   As to that there is no relief asked. The contract is one whereby the defendant agreed to employ only union labor.   The award orders respondent to live up to the contract.   Respondent says that the judgment of the court will take the form of a mandatory injunction and that such a judgment cannot be founded on facts found by arbitration.   That is not the rule to be followed.   *Susquehanna S. S. Co.* v. *Andersen & Co.* (239 N. Y. 285) disposes of that contention.   It was there shown that a tribunal wholly without equity power could fix the facts, so that a court of equity would have nothing to do but decide whether equitable relief should be granted.   The arbitrator here does not grant an injunction.   This court does, upon facts found by a tribunal without equity jurisdiction.   The court accepts these facts and grants the relief.   The award also directs the respondent to pay the sum of fifteen dollars for medical expenses of an employee whom (the arbitrator found) the employer assaulted.   The ground seems to be that the employee is not a party to this proceeding and, therefore, not bound by the *res adjudicata*.   In these collective agreements the members of the associations cannot plead that they are not parties.   They appoint the association to make the bargain for them.   *Qui facit per alium facit per se*.   The employee is bound by this decision.   The respondent's objection is overruled.

   The award is confirmed.   Let judgment be entered in accordance with the award.   To show indubitably that this court grants the injunction, and not the arbitrator, settle the judgment for signature by the court.