In the Matter of the Application of FREYDBERG BROS., INC., Petitioner, for a Stay of Arbitration of Certain Differences between LEWIS COREY, Respondent, and FREYDBERG BROS., INC.*

Supreme Court, Special Term, New York County, October 29, 1941.

*Schlesinger & Krinsky*, for the petitioner.

*Tolins & Jakobson* [*Joseph P. Tolins* of counsel], for the respondent.

MILLER, J. In *Matter of Kelley* (240 N. Y. 74, 79) the Court of Appeals declared that a provision for arbitration may be broad enough to permit the arbitrator himself to determine whether or not he possesses jurisdiction of a given dispute. The court cited as authority *Willesford* v. *Watson* (8 Ch. App. Cas. [L. R.] 473), in which a provision for arbitration, which was not as broad as

* Affd., 263 App. Div. 805.

the one involved in the instant case, was held to authorize the arbitrator himself to determine whether the disputes between the parties were within the scope of his jurisdiction. In the case at bar the provision for arbitration is broad in scope. It reads: " Any dispute of any nature that might arise between us is to be adjusted by the American Arbitration Association, and the award is to be final and binding on both." This language would seem to authorize the arbitrator to pass upon any dispute whatsoever arising out of the employment relationship between the parties. The fact that some of the claims sought to be arbitrated appear to be contrary to the language of the contracts between the parties furnishes insufficient basis for substituting the court's determination as to the merits of said claims for that of the arbitrators. It is well settled that arbitrators are not bound by rules of law in determining disputes submitted to them, in the absence of an express contrary direction in the contract or submission. (6 Williston on Contracts [Rev. ed.], p. 5396; *Matter of Pine St. Realty Co., Inc.,* v. *Coutroulos,* 233 App. Div. 404, 407; leave to appeal denied, 258 N. Y. 609; *Matter of Pierce* v. *Brown Buick Co., Inc.,* 258 App. Div. 679; affd., 283 N. Y. 669; *Matter of Wenger & Co.* v. *Propper Silk Hosiery Mills,* 239 id. 199, 202, 203; *Matter of Hines,* 222 App. Div. 543; *Matter of Wilkins,* 169 N. Y. 494, 496, 497.)

Nor is there any merit to the claim that the arbitrators in the instant case may not properly award relief in the nature of a decree of specific performance. There is no rule of law limiting the relief which an arbitrator may award to money judgments, even in cases where no equitable decree would be proper if the controversy between the parties were being determined by a court rather than by arbitrators. It is undenied that the contracts between the parties contained a provision for arbitration. It is clear that the disputes sought to be arbitrated relate solely to the employment relationship between the parties which resulted from such contracts. It follows that the motion to stay arbitration as to certain allegedly " non-arbitrable issues and matters " must be denied. Motion denied.