In the Matter of the Arbitration between WILLIAM YOUNG et al., Petitioners, and MAURICE B. DESCHLER et al., Respondents.

Supreme Court, Special Term, New York County, February 19, 1952.

*Osmond K. Fraenkel* and *Irwin Karp* for petitioners.

*Leo E. Sherman* for respondents.

HOFSTADTER, J.   On September 30, 1949, the petitioners and the respondents entered into a written agreement, by which the individual respondent Deschler transferred to the corporate petitioner Young's Windows of America, Inc., the business which Deschler had been conducting under the trade-name " Young Windows of America," together with its good will, trade-marks and trade-names.   The agreement was made in settlement of a pending action and of claims of unfair com-

petition not yet in suit asserted by both parties. It, in effect, bound the respondents, Deschler and his corporation, to discontinue making or dealing in windows, sashes, regulators and like devices and also imposed other restrictions on the activities of the respondents, some being limited to a period of five years. This agreement contained the following arbitration clause: " 25. Any controversy arising under this agreement shall be submitted to arbitration to be held in the City of New York in accordance with the rules of the State of New York and the rules of the American Arbitration Association, before at least three arbitrators. Said arbitrators may, in their award, recommend the granting of equitable or other injunctive relief as may be suitable."

Early in 1951, the petitioners served on the respondents demands for arbitration, asserting breaches of many of the provisions of the agreement, including its restrictive and negative covenants. Thereupon the respondents as plaintiffs brought an action in this court for a declaratory judgment, to have certain clauses in the agreement adjudged void and unenforcible. They also moved to stay the arbitration, while the petitioners made a cross motion to stay the action. On appeals by the parties from an order denying the defendants' (petitioners here) motion to dismiss the complaint in the action and also from an order denying the stay of the arbitration and staying the action, the Appellate Division reversed the former and affirmed the latter order. In its *Per Curiam* opinion on the reversal and the dismissal of the complaint, the court said: " On the facts and circumstances of this case, all issues in the controversy between the parties including the validity, application or limitation of the covenants in question, are for the arbitrators who may if they deem it proper decide such issues either in plaintiffs' or defendants' favor. On the coming in of the award the parties will have opportunity to raise any question as to its scope and enforcement " (*Adroit Metal Products* v. *Young's Windows of America*, 279 App. Div. 580).

Thereafter the parties proceeded to arbitration at which they were represented by counsel. The respondents asked the arbitrators to modify the agreement and not to compel performance of all its terms on the ground that it was harsh. The three arbitrators made a unanimous award in favor of the petitioners finding that the respondents had violated enumerated clauses of the agreement, including the negative covenants, and that they " are hereby directed to abide by such provisions." They also awarded money damages.

The petitioners now move to confirm this award and for an appropriate judgment implementing it. The respondents do not question the money award but resist confirmation of the direction that the respondents perform the restrictive covenants. They challenge the power of the court to grant equitable relief solely upon the award, without independent inquiry into the facts. Though stating generally that the court should not mold an appropriate judgment giving effect to the award, the respondents do not show that such a judgment would impose hardship on them, or violate equitable principles or the public policy underlying the enforcement of negative covenants. They assert baldly that the award of itself is insufficient basis for a judgment granting equitable relief.

In my opinion, this contention must be rejected. When the Appellate Division said that on the coming in of the award the parties would have " opportunity to raise any question as to its scope and enforcement " the court did not rule that a proper equitable judgment could not be entered on the award. The court, in formulating a suitable judgment, which follows precedent, does not surrender its equitable jurisdiction. The court will not render a decree which shocks good conscience or is otherwise offensive to equity. But in the present case there is nothing before the court to suggest, much less persuade, that the relief sought by the petitioners will operate otherwise than as an injunction customarily issued to enforce a restrictive covenant. Precedent permits equitable relief based on an arbitration award (*Matter of Albert*, 160 Misc. 237; *Matter of Freydberg Bros.* [*Corey*], 177 Misc. 560, affd. 263 App. Div. 805; see, also, *Matter of Devery* [*Daniels & Kennedy, Inc.*], 266 App. Div. 213). In the circumstances, the arbitration is not to be frustrated by imposing on the petitioners the burden of beginning a new action to secure what, by the award, has already been determined to be their due.

The motion to confirm the award is granted and a judgment embodying substantially the injunctive provisions requested in the moving affidavit will be entered. Settle order and judgment for signature by the court.