Abon Steueb, J.
The motion and cross motion, the former to confirm and the latter to vacate the award of an arbitrator, reveal some trivial and certain very important questions. It would be simple to dispose of the former variety first. Objection is made to the award in that the complete machinery of adjustment was not exhausted prior to demanding arbitration. The occasion of the dispute was whether respondent was in fact removing its plant from New York City to Oklahoma. The omission complained of was that this question was not first taken up on the shop steward level. Obviously this objection lacks substance. Upon the question here involved discussion on the level suggested would be less than a formality. The contract must be read with that in mind and the obvious construction is that it does not require what would be useless.
The second objection is not significant legally, though its social implications are ever looming larger. It concerns the impartiality of the arbitrator. As in many industries, the arbitrator is a permanent official called the “ impartial chairman”. The title, of course, represents a sincere hope and doubtless it is realized as closely as is humanly possible where the tenure in office depends on continuing to be generally acceptable to the stronger party. Respondent claims that the chairman’s partiality was demonstrated throughout the proceedings, particularly with regard to a press release almost simultaneous with the decision. The instances demonstate nothing and the arbitrator’s manners are as unsusceptible of review as are his findings.
Coming now to the important questions, the arbitrator disposed of the matter by enjoining the respondent from moving outside the city, directing that it procure the return of machinery already shipped out and making provisions for the wages of those people who are losing work due to the absence *270 of this machinery. Admittedly this is an award of equitable relief in a primary degree and not as an incident to other relief. The question is whether such relief can be had in arbitration, a question which also concerned the arbitrator as he discusses it in his opinion. He takes the position that the contract so provides and the provision has the sanction of judicial decision. The pertinent clauses of the contract are:
“ 27d. The impartial chairman is hereby given the powers of determining all complaints or controversies arising out of the terms of this agreement, and of determining the damages that the employer may be obliged to pay to the union, or to the workers, for the violation of any clause under this agreement.” “ g. It is the sense of this agreement that the machinery of adjustment provided for in this agreement is the exclusive means of adjusting all complaints, disputes and grievances between the employer, the workers and the union.”
“ 30b. The union shall be entitled, as a matter of right, to equity relief enjoining and restraining the employer from breaching or threatening to breach the provisions of this agreement during the term provided for in this agreement.”
Of the above, the first two paragraphs are a portion of section 27, entitled ‘ ‘ Machinery of Adjustment ’ ’ and the last is from section 30, entitled “ Strikes and Lockouts.”
The purposes of the last provision must be that in the event the union wishes to apply to a court for injunctive relief it will not be faced with the argument that the expression “ all controversies ” in the earlier clause makes arbitration the sole forum and deprives the court of jurisdiction and, further, it is an expression of the intent of the parties that specific performance of the contract may be enforced. But the jurisdiction of the arbitrator is neither increased nor limited by this provision j and the arbitrator’s conclusion that it is, is erroneous. What is | meant is that whatever is arbitrable according to law should be so heard. The contract being of no peculiar aid in this respect, inspection of the law is called for.
The fact that an arbitration contemplates or involves equitable relief does not in and of itself make it nugatory. (Matter of Freydberg Bros. v. Corey, 177 Misc. 560, affd. 263 App. Div. 805.) But in such cases it is the court that fashions the decree based on the determination of the arbitrator. (Matter of Albert, 160 Misc. 237.) And equity will not “render a decree which shocks good conscience or is otherwise offensive to equity.” (Matter of Young [Deschler], 202 Misc. 811, 813.) Here certain difficulties, practical and logical, are encountered. Arbitrators make no findings and are not required to have minutes made of *271 their proceedings. In ignorance of the testimony and without a guide as to how any particular issue was resolved by the forum, how is it to be determined whether the result is or is not shocking to the conscience? And as the arbitrator is not bound by rules of law he may order a decree where equity would refuse relief. Is this offensive to equity? While in this instance there are minutes and the arbitrator’s opinion is a possible substitute for findings, the second horn of the dilemma above set out is presented. The respondent did not participate in the arbitration. There was ample proof as to the contentions and declarations of its officers. As to that branch of the relief which enjoins their removal from the city there is nothing either in the state of the proof or in the relief afforded which would give pause to the conscience of the chancellor. But it is not the same with that part of the award which consists of a mandatory injunction directing respondent to move back to New York all machinery heretofore removed in violation of the contract. The contract does not prohibit the removal of machinery except as this may be an incident of changing the locality of the shop. On this application respondent has by affidavit stated the removal was of machinery used in the manufacture of plastic r bags, an operation which was so unprofitable that respondent, desired to discontinue it. Respondent was in debt for an advance and the lender agreed to take this machinery in part payment of the loan. The circumstances are not without question and the arbitrator’s prior experience with this respondent might well induce in him the belief that its contentions were not entitled to credence but, aside from that mistrust of their actions and elements of possible suspicion of the bona fides of the alleged transaction, there is nothing in the record which contradicts the respondent’s version. Doubtless an arbitrator in rendering a money judgment could do so on a record in this condition, whereas a court could not. Here a court is requested to enter a judgment requiring a person to do something on pain of incarceration, as to which there is no proof satisfactory to the court that it is in the person’s power to comply. Few instances will be so clear that what is “ offensive to equity” will ever be more than a subjective concept, but to this court the situation presented is in excess of what the proven facts would warrant and an injunction to the extent indicated would be denied.
While this is the main objection to the award, there are others of some import. The demand for arbitration was based on a shorter notice than the rules permit. The arbitrator granted an adjournment and the objection was not renewed. If valid, it was waived.
*272 Prior to the commencement of the hearings but subsequent to the demand for arbitration, respondent filed a petition under chapter 11 of the Bankruptcy Act (U. S. Code, tit. 11, § 701 et seq.). From this respondent claims two consequences: First, that the District Court in bankruptcy had complete and exclusive jurisdiction of its officers and second that the contract with the union became inoperative. It is true that the District Court can relieve the debtor of an executory contract but it has taken no steps in regard to this one and there is no indication that it intends to. Until the contrary is effected the contract remains in force and can be enforced. The same is true as to exclusive jurisdiction during the period of bankruptcy. The arbitration could have been stayed but the Referee refused an application for that relief. The refusal was based on the ground that the debtor’s assets could not be reached by virtue of the bankruptcy and that the proceedings could therefore not affect it. But this does not affect the right to proceed.
Lastly respondent claims this court lacks jurisdiction to entertain the application. This is based on section 301 of the Labor Management Relations Act (U. S. Code, tit. 29, § 151 et seq., § 185) which gives the Federal courts jurisdiction of actions involving breaches of labor-management actions in all cases where the employer is engaged in interstate commerce. Whether or not that jurisdiction is exclusive, Employees v. Westinghouse Elec. Corp. (348 U. S. 437) does not affect this application. Nothing in the statute limits the right to arbitration and this proceeding does not determine a labor controversy, it merely determines whether the arbitration was proper and, if so, implements it.
Motion granted, cross motion denied, settle judgment as indicated.