Btjbke, J. (dissenting).
An arbitrators’ award of specific performance of a contract for personal services directing the issuance of a mandatory injunction against a foreign employer in behalf of a nonresident employee who has been wrongfully discharged is without precedent and violates settled principles of equity. In such a situation, the courts of this State are not bound to uphold an arbitration award that offends established principles of law and public policy.
"While a public corporation may be liable in damages for a breach of a long-term contract of employment (Douglass v. Merchants’ Ins. Co., 118 N. Y. 484; Cuppy v. Stollwerck Bros., 216 N. Y. 591; 2 Fletcher’s Cyclopedia Corporations [Perm, ed.], § 353, p. 151; § 363, p. 177), we have found no case wherein a court has decreed specific performance of these contracts *165 The reason is that equity has traditionally declined to afford such relief (Cuppy v. Ward, 227 N. Y. 603; 81 C. J. S., Specific Performance, § 82).
While no statute expressly defines the arbitrators’ powers to grant relief, the provisions of section 1448 of the Civil Practice Act, making valid and enforcible arbitration submissions and contracts, suggests the adoption of the common-law concept of remedies. This follows from the fact that an arbitration submission and agreements to arbitrate must be capable of being the subject of an action (Civ. Prac. Act, § 1448; Matter of Burkin [Katz], 1 N Y 2d 570).
Where equitable relief has been granted in an arbitration proceeding, it is the court that fashions the decree based on the determination of the arbitrator (Matter of Ruppert [Egelhofer], 3 N Y 2d 576; Matter of Albert, 160 Misc. 237). Heretofore, we have refused to confirm arbitrators’ awards where such were illegal or violative of some well-defined public policy. (See, e.g., Matter of Western Union Tel. Co. [American Communications Assn.], 299 N. Y. 177; Matter of Publishers’ Assn. [Newspaper Union], 280 App. Div. 500.)
In this case the mandatory injunction- exceeded the powers of the arbitrator and the decree enforcing it violates both the statutory policy confiding to directors the management of public corporations and the principles of equity barring injunctive relief of this nature. We do not believe that, under a general grant of equitable powers, arbitrators may disregard equitable principles and issue an award not possible either at law or equity. As Judge Pound said, dissenting in Matter of Buffalo & Erie Ry. Co. (250 N. Y. 275, 280-281), “ It by no means follows that the findings of the arbitrators may be enforced by the court by the remedy of specific performance. No man may be compelled to work for another or to continue another in his employment. I hold merely that industrial disputes as to future wages may be submitted to arbitration where the parties so agree.” (Emphasis added.)
Cases involving collective bargaining agreements are inapposite here. The reason for this conclusion was stated by the United States Supreme Court in Case Co. v. Labor Bd., (321 U. S. 332, 334-335) wherein the court stated that: “ Collective bargaining between employer and representatives of a *166 unit, usually a union, results in an accord as to terms which will govern hiring and work and pay in that unit. The result is not, however, a contract of employment except in rare cases; no one has a job by reason of it and no obligation to any individual ordinarily comes into existence from it alone. The negotiations between union and management result in what often has been called a trade agreement, rather than a contract of employment.”
Further, it has become clear both under the State and National Labor Relations Acts, as well as in arbitration, that specific performance is frequently essential to maintain and further the collective relationships involved. (See Goldman v. Cohen, 222 App. Div. 631.)
However, the reasons compelling the courts and arbitrators to grant both specific performance and injunctive relief in collective bargaining agreements do not apply to contracts such as the one in question. A decree for the reinstatement of a nonresident manager in a public corporation is subject to all the obstacles and objections equity has always recognized, and is not justified by the special considerations that make this type of relief desirable in the collective bargaining area.
Matter of Ruppert (Egelhofer) (supra), involving a collective bargaining agreement, is cited as upholding an arbitrators ’ award of equitable relief (injunction) where a court, under the same circumstances, would be powerless to act. However, as we view Buppert, it is neither determinative nor controlling of the issues here.
Implicit in the Buppert decision was a finding (p. 581) that net only had the parties authorized the imposition of equitable relief but that “ nothing short of an injunction would have accomplished the evident intent of these parties that there be a speedy and immediately effective relief against strikes, lockouts and slowdowns.”
Even if the agreement here authorizes specific performance of this contract, we are still of the opinion that the injunctive relief should not have been granted by the arbitrators. (Matter of Publishers’ Assn. [Newspaper Union], supra.) To hold otherwise is to state in effect that under this agreement the corporation itself could seek specific performance of a recalcitrant employee and that arbitrators could award specific per *167 forman.ee compelling the employee to work for the corporation. Such a result would be clearly undesirable.
On a motion to confirm an award, the court does not sit as an administrative rubber stamp over an arbitrator’s determination, but rather as a court of equity applying equitable principles and enjoys a certain latitude of discretion. (Cf. Matter of Lipschutz [Gutwirth], 304 N. Y. 58, 63; Matter of Feuer Transp. [Local No. 445], 295 N. Y. 87; Western Union Tel. Co. v. Selly, 295 N. Y. 395.) In Matter of Finsilver, Still & Moss v. Goldberg, Maas & Co. (253 N. Y. 382, 392), this court wrote (per Cardozo, Oh. J.): “ The motion to confirm is equivalent to a suit in equity to carry into effect the terms of the agreement and the arbitration had thereunder.” Proceedings involving arbitration have always been considered as equitable in nature “ and the practice of equity as to relief should be followed.” (Matter of Feuer Transp. [Local No. 445], supra, p. 92.)
We conclude that the confirmation of an award compelling reinstatement of a nonresident official in a foreign corporation in the form of specific performance of a contract for personal services should not be made by this court even though the parties may have provided for it.
Accordingly, the judgment of the Appellate Division and that of Special Term should be reversed and the motion to vacate the award should be granted.
Judges Dye and Fuld concur with Judge Desmond ; Judge Froessel concurs in a separate memorandum; Judge Burke dissents in an opinion in which Judge Van Voorhis concurs; Chief Judge C'onway taking no part.
Judgment affirmed.