Vincent A. Lupiano, J.
Plaintiffs (hereinafter referred to as the Vogels) move for an injunction pendente lite to restrain defendant (Simon) from discharging certain employees of the copartnership, from interfering in the affairs of the said copartnership to its detriment and to further direct defendant to countersign all checks for salaries of employees of said partnership and debts of the partnership which may be incurred in the normal routine of its business. Defendant cross-moves to stay the action pursuant to section 1451 of the Civil Practice Act.
In accordance with the terms of the partnership agreement, the parties herein were given the right to terminate the partnership on notice in writing. Accordingly, by written notice of defendant, served on February 28, 1958, effective May 28, 1958, the partnership was terminated. Since then the parties have attempted to agree upon a distribution of the partnership assets and despite conferences, in which the court participated, such attempts have been to no avail.
It appears that defendant (Simon) brought an earlier action against the Vogels for specific performance of the dissolution agreement, for an injunction restraining the Vogels from doing anything destructive of the partnership assets, for the appointment of a receiver and for an accounting. In that action Simon moved for the appointment of a receiver pendente lite and the Vogels cross-moved to stay the action pending arbitration. Special Term granted Simon’s motion, appointed receivers and denied the cross motion. The Appellate Division reversed the order, denied the motion for a receiver and granted a stay (Simon v. Vogel, 9 A D 2d 63). Thereafter, the Vogels brought the instant action and have moved for the interim relief sought upon this application. The demand for judgment in the complaint herein is similar to the relief instantly sought except that it further seeks that “ the defendant be further restrained from *438 doing or performing any act destructive to the assets or property of the copartnership ’
In the present posture of both actions, defendant (Simon) has moved in the other action to vacate the stay and has renewed his application for receivers (such motion is being simultaneously decided).
The partnership agreement provided that upon any dissolution the assets were not to be liquidated but were to be “ distributed to the parties as ratably and equitably as possible and in the. event of inequality a cash adjustment shall be made between them.” In the same paragraph of the agreement it was further provided ‘1 If they cannot agree upon the terms of such distribution, then the same shall be determined by arbitration as hereinafter provided.” The distribution of assets involves unusual difficulties and problems, yet neither party has seriously pressed for arbitration.
The movants urge that the controversies stated in the complaint in this action do not fall within the ambit of the arbitration agreement. With this contention, I am unable to agree. Clearly, the prayer for relief in the present complaint seeking an injunction restraining defendant 1 ‘ from doing or performing any acts destructive to the assets or the property of the co-partnership ” falls within the arbitration clauses of the agreement; furthermore, the relief sought, on this application, may have an effect upon the ultimate problem of the distribution of the assets of the partnership. This, the Appellate Division has held comes within the ambit of the arbitration clauses in the agreement (Simon v. Vogel, supra).
Nor is there any merit to the claim that the arbitrators in the instant case may not properly afford relief in the nature of a decree of injunction (Matter of Freydberg Bros. v. Corey, 177 Misc. 560, affd. 263 App. Div. 805, reargument denied 263 App. Div. 858; Matter of Staklinski [Pyramid Elec. Co.], 6 A D 2d 565, affd. 6 N Y 2d 159).
The motion is therefore denied and the cross motion is granted.