OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the plaintiffs for an order granting them summary judgment for the relief demanded in the complaint on the grounds that there are no triable issues of fact and no defenses to the causes of action asserted in the complaint.
The action on which the instant motion is predicated is an action for a declaratory judgment declaring that section *165 2023 of the Education Law is unconstitutional in that it violates section 1 of article XVI of the New York State Constitution and the equal protection clause (14th Amdt) of the United States Constitution, and it is a deprivation of due process under the law and a denial of the plaintiffs’ constitutional right to an education.
Plaintiff Robert J. Brown is a resident and taxpayer of defendant school district. Plaintiffs Frank and Steven Brown are'students in the defendant school district who participate in interscholastic sports, library services and marching band activities.
Defendant school district has not received voter approval of the budget for the current fiscal year and, accordingly, is operating under an austerity budget consisting only of “ordinary contingent” expenses and teacher salary and expenses. During the fiscal year the defendant school district has not appropriated, allocated, levied, taxed or otherwise provided the necessary moneys for interscholastic sports, library purchases, marching band expenses and the providing of additional transportation.
The defendant school district’s action in adopting the aforesaid austerity budget was based on section 2023 of the Education Law which provides as follows:
“§ 2023. Levy of tax for certain purposes without vote
“If the qualified voters shall neglect or refuse to vote the sum estimated necessary for teachers’ salaries, after applying thereto the public school moneys, and other moneys received or to be received for that purpose, or if they shall neglect or refuse to vote the sum estimated necessary for ordinary contingent expenses, the sole trustee, board of trustees, or board of education may levy a tax for the same, in like manner as if the same had been voted by the qualified voters.”
The plaintiffs contend that section 2023 is an unconstitutional delegation of taxing powers to the defendant school district in violation of section 1 of article XVI of the New York State Constitution.
This court cannot agree with the contention of the plaintiffs. The State Legislature may delegate its taxing power provided such delegation specifies the types of taxes which *166 may be imposed thereunder and provide for their review. Section 2023 of the Education Law complies with the constitutional mandate of section 1 of article XVI. The statute specifies that in the event the voters refuse to vote the sums estimated to be necessary for teachers’ salaries or “ordinary contingent” expenses, then the board of education may levy a tax for same. A tax may be levied for legal obligations of the district and those items necessary to maintain the educational program, preserve property and assure the health and safety of the students and staff (Matter of Reiss v Abramowitz, 39 AD2d 916).
The plaintiffs further contend that section 2023 of the Education Law is a denial of plaintiffs’ rights to equal protection under the United States and New York State Constitutions since under the “strict scrutiny” test, no compelling State interest exists to justify the distinction between sections 2516 to 2519 of the Education Law where city school districts are allowed to appropriate funds and levy taxes for “ordinary contingent” expenses without voter approval, while under section 2023 of the Education Law, noncity school districts require voter approval for same. This court cannot agree with this contention either.
Where discrimination results from a classification which is based upon race, national origin, religion or sex, which endangers a constitutionally protected fundamental interest, said classification is said to be inherently suspect and is judged by the “strict scrutiny” standard of review. There the burden is upon the party relying upon the classifications to justify the classification. Where a classification is not in the suspect category, a violation of equal protection will be found unless there is a reasonable or rational basis for said classification. The classifications based on size and nature of the municipalities and school districts set forth in section 10 of article VIII of the New York State Constitution are not of the suspect type such as those involving race, national origin or religion and do not require that the “strict scrutiny” standard be utilized. The appropriate standard herein is the rational basis test (Board of Educ. v Nyquist, 94 Misc 2d 466) and a rational basis exists for the differences in classifications between a city school district and a noncity school district.
*167 Plaintiffs further contend that section 2023 of the Education Law amounts to a deprivation of due process under the law and a denial of the plaintiffs’ right to an education.
This court cannot agree with this contention of the plaintiffs. The mere existence of voter approval or disapproval does not necessarily guarantee that a student will be provided the right to participate in interscholastic sports, additional library programs, marching band activities, etc. Such activities or programs are not required by statute to be provided and the decision to make such additional activities available is discretionary with each individual board of education.
In view of the foregoing, the plaintiffs’ motion for summary judgment is denied and the complaint is dismissed on the defendants’ cross motion for dismissal.