ROBERT J. BROWN et al., Appellants, v BOARD OF EDUCATION, WHITESBORO CENTRAL SCHOOL DISTRICT, et al., Respondents.

Third Department, July 29, 1982

**APPEARANCES OF COUNSEL**

*O'Hara, Lahm & Felice (Kenneth A. Windstein* of counsel), for appellants.

*Foley & Frye (Stephen W. Haggas* of counsel), for Board of Education, respondent.

*Robert Abrams, Attorney-General (William J. Kogan* and *Jeremiah Jochnowitz* of counsel), for Gordon M. Ambach, respondent.

**OPINION OF THE COURT**

YESAWICH, JR., J.

This declaratory judgment action has its origin in the adoption by defendant Board of Education, Whitesboro Central School District (board) for the 1980-1981 school year of an austerity budget after voters defeated the proposed budget. Included in the austerity budget were appro-

priations for teachers' salaries and those items the board regarded as "ordinary contingent expenses" authorized by section 2023 of the Education Law. Provision was not made for such activities as interscholastic athletics, additional library services and a marching band. Like the board, defendant Commissioner of Education also failed to expend moneys for these activities.

Plaintiff Robert J. Brown is a resident and taxpayer of the district and father of the other plaintiffs, both of whom were students in the district at the time this suit was commenced. Their attack on the constitutionality of section 2023 was rejected by Special Term (110 Misc 2d 164) and this appeal ensued.

Plaintiffs maintain that section 2023 of the Education Law is an unconstitutionally vague delegation of the taxing power because it empowers a board of education, without voter approval, to levy a tax having no statutory limit for "ordinary contingent expenses", a phrase undefined in the statute. This language, they say, is so inexplicit as to fail to furnish a satisfactory standard to guide a school board and thus creates an unwarranted and void delegation of legislative power.

We perceive no constitutional infirmity. As was observed in *Matter of Nicholas v Kahn* (47 NY2d 24, 31), "[t]he cornerstone of administrative law is derived from the principle that the Legislature may declare its will, and after fixing a primary standard, endow administrative agencies with the power to fill in the interstices in the legislative product". And in areas requiring flexibility in the adaptation of legislative policy, this "primary standard" need not be a rigid formula (*Matter of Nicholas v Kahn, supra*, p 31). Certainly, fashioning school budgets to reflect the peculiar needs of each individual school district is an enterprise calling for an adaptable, case-by-case approach rather than unyielding prescriptions. Consequently, we believe section 2023, though containing general language, is not so imprecise as to be constitutionally defective.

Parenthetically, we note that challenges to the interpretation of what expenditures constitute ordinary contingent expenses are to be directed to the commissioner (*Matter of Onteora Cent. School Dist. at Boiceville [Onteora Non-*

*Teaching Employees Assn.*], 79 AD2d 415, 417-418, affd 56 NY2d 769).

Plaintiffs also contend that the equal protection clauses of the Federal and State Constitutions have been violated because the austerity budget did not contain funding for items and activities which they assert are available without taxpayer approval in city school districts under section 2576 of the Education Law. In plaintiffs' view, the character of discrimination achieved by these disparate statutes is such that the test to be applied in passing upon whether they have been deprived of equal protection should be either the "strict scrutiny" analysis or the "heightened" or "intermediate" level of scrutiny.

Any question regarding the applicable standard of review, when as here the issue is not denial of a sound basic public education,[*] has now been laid to rest by the Court of Appeals in *Board of Educ. v Nyquist* (57 NY2d 27). There the court made it abundantly clear that when the claimed discrimination relates to the State's system of financing local school districts, the rational basis test is the proper standard to be applied.

Under the rational basis test, plaintiffs bear the burden, which they have not carried, of demonstrating that the questioned classification has no rational relationship to a legitimate legislative goal (*Vance v Bradley,* 440 US 93).

The State argues quite persuasively that the section 2023 method of funding school programs is a continuation of a historical tradition allowing local funding and control of educational institutions where feasible. That the Legislature has provided an alternative method of school budget preparation in city school districts (e.g., Education Law, §§ 2516-2519) may simply reflect a legislative judgment that, by reason of their size, city school districts require a different budget approval procedure. In any event, it is clear that the principle of local control of educational funding justifies variations in school district financing and

---

[*] Here the issue involves merely denial of the right to participate in extracurricular activities, some of which were apparently fully funded by donations from community organizations. Moreover, since the issues raised by this appeal concern questions of general interest and substantial importance which will undoubtedly recur, we decline to dismiss for mootness (see *Matter of Amato v Ward,* 41 NY2d 469).

expenditures *(Board of Educ. v Nyquist, supra)*. Accordingly, we find plaintiffs' equal protection claim unacceptable and a modification of Special Term's order, declaring section 2023 constitutional, appropriate *(Lanza v Wagner, 11 NY2d 317, 334)*.

The order should be modified, on the law, by deleting therefrom the ordering paragraph which dismissed the complaint and by substituting therefor provisions declaring (1) that section 2023 of the Education Law is constitutional, and (2) that the adoption of an austerity budget in accordance with the provisions of this statute was proper, and, as so modified, affirmed, without costs.

MAHONEY, P. J., SWEENEY, CASEY and LEVINE, JJ., concur.

Order modified, on the law, by deleting therefrom the ordering paragraph which dismissed the complaint and by substituting therefor provisions declaring (1) that section 2023 of the Education Law is constitutional, and (2) that the adoption of an austerity budget in accordance with the provisions of this statute was proper, and, as so modified, affirmed, without costs.