■ In the Matter of the Arbitration between DORIS TURNER, as President of District 1199, Respondent, and BOOTH MEMORIAL HOSPITAL, Also Known as BOOTH MEMORIAL MEDICAL CENTER, Appellant. — Order and judgment (one paper), Supreme Court, New York County (Edward Greenfield, J.), entered on February 7, 1983, affirmed, without costs and without disbursements, for the reasons stated by E. Greenfield, J., at Special Term. Concur — Sandler, Carro, Bloom and Lynch, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would modify to the extent of deleting that part of the award directing respondent to restore the laundry facilities. The respondent-appellant hospital appeals from a judgment of the Supreme Court, New York County, which granted the petition to confirm the award of the arbitrator. That award ordered the hospital to cease and desist from subcontracting laundry services and directed it to perform such work as theretofore. The court entered a judgment in favor of the petitioner-respondent union in the sum of $3,584 for dues owed for eight unit laundry positions and in the sum of $104 per month until the laundry is reopened. The hospital had closed a laundry facility run by it and subcontracted the work to persons other than members of the union. It did this in connection with a million dollar expansion plan which devoted the former laundry space to patient care uses. The union demanded arbitration. The arbitrator ordered that the subcontracting should cease and that the workers, who had been transferred to other jobs in the hospital, should be restored to the laundry jobs and that the work be continued as before the change and that the union be reimbursed for the equivalent of dues. The arbitrator has authority to direct the respondent to retain the eight employees on the payroll, even if they are to do nothing, but the power "to plan, direct and to control operations" of the hospital is expressly reserved to the respondent in article XXVI of the 1978-1980 collective bargaining agreement and article XXVII of the 1980-1982 agreement. Therefore, the decision to restore the laundry facilities, an operational one, is within the exclusive power of the respondent, and the arbitrator's directive is thus outside the scope of his authority. Such a directive is improper and should be deleted. (See *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582; see, also, *Matter of Granite Worsted Mills [Aaronson Cowen, Ltd.]*, 25 NY2d 451, 456; *Integrated Sales v Maxell Corp.*, 94 AD2d 221, 225.) Moreover, petitioner did not submit sufficient proof that respondent can comply with this portion of the award. (See *Matter of Pocketbook Workers Union [Centra Leather Goods Corp.]*, 14 Misc 2d 268, 271.)