OPINION OF THE COURT
Joseph J. Sedita, J.
In what appears to be a case of first impression, the petitioner asks this court to confirm an arbitrator’s decision awarding sick pay to one of its members who had already been awarded a recovery under the Workers’ Compensation Law. The arbitrator was aware that a workers’ compensation claim was pending but was not aware that a favorable compensation decision had been made prior to his decision which awarded sick pay to this member of the petitioner’s union. Said member had been denied additional sick pay and sought arbitration of said denial under this union’s contract with the respondent. The contract specified that no additional sick pay could be awarded if the injury or illness which necessitated the sick pay request was job related. The Workers’ Compensation Board and the arbitrator herein reached diametrically opposed factual determinations on the crucial issue of the causal locus of the illness or injury that resulted in this union member being out of work. The Board found that the illness or injury was job related and the arbitrator found that it was nonjob related. The union member received notice of the Board’s decision prior to the arbitrator’s decision but did not notify the arbitrator of the Board’s decision.
*649 To utilize an apt layman’s phrase, this court is asked to determine if this union member can “have it both ways”.
Workers’ Compensation Law § 11 establishes recovery under this law as the “exclusive” remedy to recover for job-related illness or injury. Numerous cases have upheld the exclusivity of this remedy vis-á-vis a common-law tort suit seeking damages. (O’Rourke v Long, 41 NY2d 219; Smith v State of New York, 91 AD2d 1181 [4th Dept 1983]; Jackman v Fisher, 91 AD2d 602; Matter of Doca v Federal Stevedoring Co., 284 App Div 46, affd 308 NY 44.)
This case raises a unique question, however, because the alternate recovery arises not out of tort liability but out of contract liability. In this case, it is the union contract which covers this union member and provides for arbitration of sick pay disputes.
Our answer to this issue is that this union member cannot “have it both ways” for the following reasons:
The findings of the Workers’ Compensation Board are binding unless vacated or modified by said Board. (Herman v Ohrbach’s Inc., 15 AD2d 549.) The union member herein freely chose to seek benefits under the Workers’ Compensation Law and has been successful in his effort to obtain coverage under the Workers’ Compensation Law. Having chosen that path, the clear and express statutory language of Workers’ Compensation Law § 11 would preclude him from obtaining a further recovery from his employer.
The public policy of our State encapsulated in the language of this statute could hardly be more clear when it states: “[t]he liability of an employer prescribed by the last preceding section shall be exclusive and in place of any other liability whatsoever * * * or anyone otherwise entitled to recover damages, at common law or otherwise on account of such injury” (Workers’ Compensation Law § 11; emphasis mine). It would be difficult to draft statutory language more clearly comprehensive on the issue of exclusivity. Surely liability in contract arising out of the same facts as the workers’ compensation claims must be included as a basis for liability which is precluded as a matter of law and public policy once workers’ compensation is obtained. (See, City of New York v Uniformed Firefighters’ Assn., 87 AD2d 255 [1982]; Matter of Onteora Cent. School Dist. v Onteora Non-Teaching Employee’s Assn., 79 AD2d 415.)
A second reason to deny confirmation of this award is the failure by petitioner to apprise the arbitrator of the compensation determination. This failure, we feel, taints the arbitrator’s *650 decision. Such withholding of highly relevant information has been held to be improper under CPLR 7511 (b) (1) (i). (See, Matter of Kalgren [Central Mut. Ins. Co.], 68 AD2d 549.)
And finally, this court is of the opinion that equity would be ill served if this court permitted confirmation of this award. (See, Matter of Young [Deschler], 202 Misc 811; Matter of Pocketbook Workers Union [Centra Leather Goods Corp.], 14 Misc 2d 268.)
For all the above reasons, this court is impelled to deny the application to confirm this award and to grant the cross motion to vacate said award.