Jacob Markowitz, J.
This is a motion by the petitioner to stay the respondent from proceeding with arbitration. On October 18, 1954, the petitioner’s husband and the respondent entered into a contract. The petitioner’s husband died and the petitioner continued her husband’s business under the same name as heretofore. The agreement between the parties by its terms expired on May 31, 1956. The termination clause of the contract provides that: “Either party desiring to modify or terminate this agreement, at its expiration, shall give notice to the other party, in writing, at least sixty (60) days prior to the expiration date and negotiations for a new agreement shall begin as soon thereafter as practicable. Otherwise, this contract shall automatically renew itself.”
The termination clause was thereafter modified on March 16, 1955, to read: “Eleventh:-This agreement shall be deemed effective as of the first day of June, 1954 and shall terminate on the 31st day of May, 1957. Either party desiring to modify or terminate this agreement at its expiration shall give notice to the other party, in writing, at least sixty (60) days prior to the expiration date and negotiations for a new agreement shall begin as soon thereafter as practicable; otherwise, this contract shall automatically renew itself. ’ ’
Paragraph Ninth of the agreement provides: 1 ‘ This agreement shall bind and inure to the benefit of the Employer, its successors and assigns and to the Union, its successors and assigns, whether in this or any other locality. ”
The petitioner, by continuing the business, was therefore bound by all the terms of the contract entered into by her husband and the respondent.
On March 28, 1957 the respondent sent a notice to the petitioner that pursuant to paragraph Third of the modification agreement referred to above, the respondent desired to negotiate a new agreement. The petitioner did nothing to indicate any acquiescence or desire to negotiate and the respondent did nothing to enforce negotiations in view of the attitude of the petitioner.
The petitioner, ignoring the automatic renewal clause in the contract, treated the contract as having terminated. The petitioner thereafter hired members of a rival union at wage rates lower than those required by the respondent. When the respondent called upon the petitioner to explain such actions, she allegedly stated that she did not intend to recognize any *1047 union, that she never had signed a contract with any union and therefore was bound by no contract.
On August 30, 1957 the union sent a notice to the petitioner that it desired arbitration. The petitioner makes the present motion to stay arbitration and denies the existence of any collective bargaining contract between the respondent and herself. This .contention is untenable in view of paragraph Ninth, referred to, which binds her to the contract entered into by her deceased husband.
The petitioner further contends that under the arbitration clause the petitioner and the union must each select a representative for the purpose of settling any dispute or grievance and that, in the event such representatives shall not unanimously agree, then the matter shall be submitted to arbitration. The petitioner takes the position that this provision precludes the granting of arbitration until at least such representatives are chosen and an attempt to settle the grievances between the petitioner and the respondent has been made.
The petitioner cannot consistently rely on respondent’s failure to follow the contract requiring the parties to submit to the grievance procedure therein provided and at the same time repudiate the binding effect of the same contract.
Furthermore, the petitioner by her actions in refusing to negotiate a contract renewal with respondent and in hiring employees of another union, has indicated that she had no desire to exhaust the contractual grievance provisions or even to negotiate with respondent. The position she now urges that there should have been a request by respondent for negotiation is clearly sham and raised for no other purpose than to try to prevent the respondent from enforcing its right under the contract. Had there been a true desire to negotiate, the petitioner could have availed herself of the arbitration provisions in the collective bargaining agreement and could have requested the respondent to select a representative to negotiate.
To permit the petitioner, at this late stage, to delay and hamper arbitration by requiring representatives of the parties to meet in an attempt to resolve the disputes between the parties would defeat the very purpose of the arbitration clause in the agreement. This court will not require any party to a contract to make useless and idle gestures in fulfillment of the terms of the contract when the conduct of one of the parties clearly indicates neither an intention of compliance with the contract nor even recognition of being bound by the contract itself.
Accordingly, the motion is denied. Settle order.