**GLASS BOTTLE BLOWERS ASSOCIATION OF THE UNITED STATES AND CANADA, AFL-CIO, and Local Union No. 131 of the Glass Bottle Blowers Association of the United States and Canada, AFL-CIO, Plaintiffs,**

v.

**ARKANSAS GLASS CONTAINER CORPORATION, Defendant.**

Civ. No. J-1136.

United States District Court
E. D. Arkansas,
Jonesboro Division.

May 31, 1960.

Tom Gentry, Little Rock, Ark., for plaintiffs.

Frierson, Walker & Snellgrove, Jonesboro, Ark., for defendant.

YOUNG, District Judge.

This is an action to require specific performance of an arbitration provision in a collective bargaining agreement. The grievance for which arbitration is requested arises from the alleged wrongful discharge of an employee-union member. Both parties have moved for summary judgment. Fed.R.Civ.P. 56, 28 U.S.C.A.

The collective bargaining agreement between plaintiff and defendant provides: "If a grievance is not settled pursuant to the procedure set forth in Article 9, it will at the request of either the International President of the Union or the proper officials of the Company be submitted to arbitration and the decision of the arbitrator shall be final and binding on both parties." Article 10, Section 1. The right to enforce agreements to arbitrate grievance disputes in collective bargaining agreements is provided by § 301(a) of the Labor Management Relations Act of 1947, 61 Stat. 156, 29 U.S.C.A. § 185. Textile Workers Union v. Lincoln Mills, 1957, 353 U.S. 448, at page 451, 77 S.Ct. 912, 1 L.Ed.2d 972.

Though the contract between plaintiff and defendant provides for the arbitration of grievances, defendant justifies its refusal to arbitrate upon the defense of waiver and upon an assertion that, due to the circumstances surrounding the discharge of the worker in question, it absolutely refuses to reinstate the worker, and would refuse to abide by an arbitrator's decision requiring his reinstatement, a stand that the defendant contends renders arbitration vain and useless.

The contract between the parties provides for six steps for the processing of a grievance before arbitration may be invoked (Article 9). While the question of the alleged wrongful discharge was at the fourth step of this processing, negotiations were broken off by the parties, and plaintiff union filed a charge against defendant employer before the National Labor Relations Board, alleging that the discharge of the employee had been because of his union activities, forbidden as an unfair labor practice by the National Labor Relations Act, 29 U.S.C.A.

§§ 157, 158(a) (1), (3). The Board declined to act in the matter, finding insufficient evidence of violation of the law. The court is unable to find in these facts any waiver of contract rights. Whatever effect affirmative action by the Board upon an allegation of unfair labor practice would have on a right to arbitrate, we do not believe that failure by the Board to find an unfair labor practice constituted a waiver by the complaining party of a contract right to arbitrate a grievance.

The refusal of the defendant to participate in the fifth and sixth steps of pre-arbitration grievance processing, or to otherwise consider the question of the wrongful discharge, relieved the parties of the requirement of proceeding through all of the pre-arbitration steps. Correspondence between the president of defendant company and the president of plaintiff, international union, was itself substantial compliance with step six, and revealed that nothing could be settled between the parties themselves.

The court cannot anticipate at this time the decision of the arbitrator both parties have contracted should settle their mutual grievances, so it cannot hold that the defendant will be dissatisfied with this decision. Even if we assume that the employer will be adamant and refuse to abide by the arbitrator's decision (if adverse), this does not excuse the defendant company from carrying out its contractual commitments. The matters alleged by defendant in justification of the discharge in question are matters which the arbitrator will consider in framing his decision, if they be established as true. The action defendant may feel compelled to take if it is dissatisfied with the arbitrator's decision is left for a future time.

Performance of defendant's contract to arbitrate shall be decreed by appropriate order entered upon plaintiff's motion for summary judgment. Jurisdiction will be retained only to the extent necessary to enforce this judgment. Plaintiff may recover its costs herein.