In the Matter of the Arbitration between NEWSPAPER GUILD OF BUFFALO, LOCAL No. 26, Appellant, and TONAWANDA PUBLISHING CORPORATION, Respondent.

Fourth Department, January 9, 1964.

*Lipsitz, Green & Fahringer* (*Richard Lipsitz* of counsel), for appellant.

*Bond, Schoeneck & King* (*Tracy H. Ferguson* and *Charles T. Beeching, Jr.,* of counsel), for respondent.

*Per Curiam.* This is an appeal by a union from the denial of a motion which sought an order compelling an employer to arbitrate.

On December 18, 1962 the parties entered into a collective bargaining agreement which covered in detail general wage provisions. It also provided for the arbitration of disputes "arising from the application of this agreement or from the employer-employee relationship" should the prearbitration grievance procedures contained in the agreement fail. After

the contract was executed, the employer notified the union that the Christmas bonus for 1962 would not be paid. Such bonuses had been granted in prior years. The union on December 19, 1962 notified the employer that this decision violated the agreement. It then attempted to comply with the required grievance procedures but was thwarted by the employer which took the position that no dispute existed since the subject of bonuses was not included in the agreement and refused to comply with or participate in the prearbitration procedures.

It was error to deny the motion. As we said in *Matter of Dairymen's Coop. Assn. (Conrad)* (18 A D 2d 321, 325): "Section 1448-a of the Civil Practice Act [now a part of CPLR 7501] was intended to abrogate the *Cutler-Hammer* rule (*Matter of International Assn. of Machinists [Cutler-Hammer, Inc.]*, 271 App. Div. 917, affd. 297 N. Y. 519), under which the courts had undertaken to pass upon the tenability of the interpretations respectively advanced by the parties". The courts may no longer look to the merits of a grievance or dispute, and whether the moving party is right or wrong is a question of contract interpretation for the arbitrator. (*Steelworkers* v. *American Mfg. Co.*, 363 U. S. 564, 567–568.)

Nor can arbitration be avoided where the prearbitration procedures have not been followed because the opposing party has refused to comply with its contractual obligations as to these procedures. (*Matter of Pocketbook Workers Union*, 14 Misc 2d 268, 269; *Matter of Greenstone*, 8 Misc 2d 1045, 1047; *Glass Bottle Blowers Assn.* v. *Arkansas Glass Container Corp.*, 183 F. Supp. 829, 831.)

The order appealed from should therefore be reversed and the motion granted.

WILLIAMS, P. J., BASTOW, HENRY and NOONAN, JJ., concur.

Order unanimously reversed, with costs and motion granted, with $10 costs.