Fuld, J. (dissenting).
In my view, the issue sought to be arbitrated is materially different from the issue decided by the National Labor Relations Board. Whereas the board was called upon to determine merely whether the employer Buchholz had committed an unfair labor practice — had, in other words, fired the employee Klementowicz for union activity—the issue posed for the arbitrator is whether the employer wrongfully discharged the employee in violation of the provisions of the collective bargaining agreement. The board had no power to consider this latter question and did not purport to decide it and, since the arbitrator could properly find that the employer wrongfully discharged the employee under the collective agreement, the arbitration should be allowed to proceed.
On September 13, 1961 the appellant union filed an unfair labor practice charge with the board asserting that Klementowicz was discharged for union activities in violation of section 8 (subd. [a], pars. [1], [3]) of the National Labor Relations Act (hereafter designated NLRA). The employer contended that the employee had voluntarily quit his job. Two weeks later, the Regional Director notified the appellant that there was insufficient evidence that the employer had violated any provision of the NLRA. The General Counsel’s Office, to which an appeal was taken, sustained the Regional Director’s determination; it Avas also the General Counsel’s conclusion that there was insufficient evidence to establish that Klementowicz’ separation from his employment Avas attributable to discriminatory considerations.
On September 14, the day following the filing of the unfair labor practice charge with the board, a decertification election Avas held in the employer’s plant. Klementowicz having voted, the employer challenged his ballot on the ground (previously asserted) that he had voluntarily quit and was, therefore, no longer an employee. Since the challenged ballot turned out to be determinative of the outcome of the election, the board was required to decide whether it should be counted. Under the NLRA, an employee includes an individual whose discharge was *188 the result of an unfair labor practice (§ 2, subd. 3). On October 23, 1961 the board rendered a decision holding that the earlier dismissal of the union’s charge that the employer had fired Klementowicz “ for Union activity” required the conclusion that he was not an employee at the time of the election:
“ The Employer challenged the ballot of Joseph A. Klementowicz on the ground that the challenged voter had voluntarily quit his job on September 12, 1961, and accordingly is not eligible. On the day preceding the election, Petitioner filed a charge alleging that the Employer discharged said employee for Union activity. The said charge has been dismissed and consequently it must be concluded that Klementowicz was no longer an employee of the Employer when the election was held and hence was not an eligible voter. It follows that the challenge to the ballot of Klementowicz should be sustained.”
An employer may, of course, be guilty of a violation of a collective bargaining agreement without committing an unfair labor practice (see, e.g., Textile Workers v. Lincoln Mills, 353 U. S. 448, 452; Sinclair Refining Co. v. Atkinson, 370 U. S. 195, 207) and, consequently, it is important, for present considerations, to bear in mind that the question posed for the board’s determination, in a proceeding involving an unfair labor practice charge or in a decertification proceeding, is not whether the employee’s discharge was a breach of the collective agreement but, rather, whether the termination of his employment was due to the employer’s anti-union bias. And, if the board does not find that the termination was owing to an. unfair labor practice, the discharged person will not be considered an employee for the purpose of the decertification proceeding even though—and this is vital in this case — even though the employer’s act of terminating the employment may have been a breach or violation of the collective agreement. (See, e.g., Minneapolis Knitting Works, 84 N. L. R. B. 826; Whitin Mach. Works, 100 N. L. R. B. 279; Dura Steel Prods. Co., 111 N. L. R. B. 590; Continental Baking Co., 122 N. L. R. B. 1074.)
When, then, in the present case, the Begional Director (in October, 1961) sustained a challenge to the employee’s ballot, the *189 only question which the Director could determine, under well-established board decisions (see cases cited just above), was whether Klementowicz ’ employment had been terminated because of an unfair labor practice. And this was so, even though, as previously indicated, the employer contended that the employee had been discharged because he misconducted himself on the job or, indeed, had actually quit voluntarily. More specifically, the board’s rule in representation cases (in 1961), when issues were raised as to discharged employees, was (1) that, where no unfair labor practice charge had been filed and no grievance (or arbitration) proceeding was pending, the discharge was presumed to be for cause (see Minneapolis Knitting Works, 84 N. L. R. B. 826, supra);[1] (2) that, where an unfair labor practice charge had been filed but no grievance proceeding was pending, the Regional Director was required to follow the General Counsel’s ruling on the unfair labor practice charge (see Times Square Stores Corp., 79 N. L. R. B. 362, 365); and (3) that, where no unfair labor practice charge had been filed but the matter was pending in a grievance proceeding, the discharged employee — under the board’s decision in Dura Steel Prods. Co. (111 N. L. R. B. 590, supra) —was not eligible to vote “ because of the presumptive validity” of the termination. (Continental Baking Co., 122 N. L. R. B. 1074, 1076, n. 5, supra.) And this was so even though, as a result of the arbitral award, he might later be restored to the employer’s payroll pursuant to a finding that his discharge offended against the terms of the collective agreement. (See Continental Baking Co., 122 N. L. R. B. 1074, supra.)
In short, then, the Regional Director in the case before us, following settled board holdings, did not — contrary to the *190 majority’s premise — decide whether the termination of Klein entowicz’ employment was a voluntary quit. The simple fact is that the Director had no alternative but to follow, the prior ruling made by the General Counsel dismissing the unfair labor practice charge. (See Times Square Stores Corp., 79 N. L. R. B. 362, 365, supra.) The decision in the decertification proceeding, in other words, meant only that, because of the prior dismissal of the union’s charge, Klementowicz would not be considered an employee eligible to vote. (See Dura Steel Prods. Co., 111 N. L. R. B. 590, supra; cf. Aircraft & Eng. Maintenance Employees v. Schilling Co., 340 F. 2d 286 [5th Cir.]; United Brick & Clay Workers v. Deena Artware, 198 F. 2d 637 [6th Cir.].)
In July, 1962, some nine months after the Regional Director’s decision in the decertification proceeding, the rule in Dura was modified by Pacific Tile & Porcelain Co. (137 N. L. R. B. 1358). The overturning of the Dura rule did not, however, mean that the board adopted a rule under which it would determine, in a representation proceeding, whether the employee was discharged for cause or whether he voluntarily quit. In the Pacific Tile case (137 N. L. R. B. 1358, supra), the board merely held that it would defer its decision as to eligibility to vote until the arbitrator in pending grievance proceedings had issued his award with respect to the propriety of the discharge under the terms of the collective agreement. Indeed, the Supreme Court had occasion to remark this rule in the course of its opinion in Carey v. Westinghouse Corp. (375 U. S. 261). After noting that “ The Board’s action and the awards of arbiters are at times closely brigaded ”, the court went on to point out (p. 271) that, “ where grievance proceedings are pending before an arbiter, the Board defers decision on the eligibility of discharged employees to vote in a representation case, until the awards are made. See Pacific Tile & Porcelain Co., 137 N. L. R. B. 1358, 1365-1367, overruling Dura Steel Products Co., 111 N. L. R. B. 590. See 137 N. L. R. B., p. 1365, n. 11.”
It impresses me as extraordinary, and most unfair, to stay arbitration in a case where the board has never determined the issue sought to be submitted to the arbitrator,, particularly where, under current board decisions, the arbitral award is an essential prerequisite to a determination in a decertification *191 proceeding (by the board) as to the validity of an employee’s ballot. Consequently, refusal to allow arbitration in this case actually deprives the employee of his contractual, right to have the question whether his discharge was wrongful under the collective agreement considered and passed upon. (See Glass Bottle Blowers Assn. v. Arkansas Glass Con. Corp., 183 F. Supp. 829, 831.) Such a result cannot be countenanced under any principle of law or justice.
I would, therefore, reverse the order appealed from and direct that arbitration proceed.
Chief Judge Desmond and Judges Dye and Soileppi concur with Judge Burke; Judge Van Voorhis concurs in the opinion of Judge Burke upon the ground that the only basis for denying effect to the resignation of the employee Klementowicz prior to the election would be that his resignation had been compelled as a consequence of an unfair labor practice. That question was decided adversely to the contention of the union by the Labor Delations Board. Judge Fuld dissents in an opinion in which Judge Bbegan concurs.
Order affirmed.